BAUGHMAN *v.* VICKER'S, INCORPORATED.

1. WORKMEN'S COMPENSATION—DISABILITY—DETERMINATION AS TO DATE.

When a claim for compensation is presented to the workmen's compensation commission, it has the duty of determining from the evidence presented whether plaintiff had sustained a disability and, if so, the date thereof (2 Comp. Laws 1929, § 8407 *et seq.*).

2. SAME—DEFINITION OF TERM "DISABILITY."

The term "disability" as used in the occupational disease amendment to the workmen's compensation act means "the state of being disabled from earning full wages at the work in which the employee was last subjected to the conditions resulting in disability (Act No. 10, pt. 7, § 1, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am. Jur., Workmen's Compensation, §§ 371, 396, 398.

[2] 58 Am. Jur., Workmen's Compensation, § 282.

[2] What amounts to total incapacity within workmen's compensation acts. 67 A.L.R. 785.

[2] Right to workmen's compensation as affected by the fact that the, earnings of the injured employee are as much as, or more than, before the injury. 17 A.L.R. 205.

[3, 4] 58 Am. Jur., Workmen's Compensation, §§ 400, 493, 530, 532.

[3, 4] *Res judicata* as regards decisions or awards under workmen's compensation acts. 122 A.L.R. 550.

[3, 4] Time and jurisdiction for review, reopening, modification, or reinstatement of workmen's compensation award or agreement. 165 A.L.R. 9.

[4] 58 Am. Jur., Workmen's Compensation, § 534.

[5-7] 58 Am. Jur., Workmen's Compensation, § 409.

[5-7] Date of accident or date when injury becomes manifest as time from which period for filing claim for workmen's compensation commences to run. 108 A.L.R. 316.

[6] 58 Am. Jur., Workmen's Compensation, § 255.

[6] Construction and application of specific provisions of workmen's compensation act relating to hernia. 114 A.L.R. 1337.

3. SAME—COMPENSATION COMMISSION—FINDINGS OF FACT—INFER-
ENCES—EVIDENCE.

In passing upon factual issues before the workmen's compen-
sation commission, it is the province of the commission to
weigh the testimony and to draw permissible inferences
therefrom and if its findings of fact are supported by
testimony, they are conclusive in the absence of fraud (2
Comp. Laws 1929, § 8451, as amended by Act No. 245, Pub.
Acts 1943).

4. SAME—FINDING OF FACT—EVIDENCE—HERNIA—DISABILITY.

Workmen's compensation commission's finding of fact that
plaintiff suffered disability on May 12, 1948 as result of in-
guinal hernia sustained December 13, 1942, when his foot
slipped as he was lifting a box weighing 60 or 70 pounds
and felt a pain in his groin *held,* sustained by testimony.

5. SAME—DATE OF DISABILITY.

In the awarding of compensation the date of disability is
controlling.

6. SAME—DISABILITY ARISING AFTER LEAVING EMPLOYER—HERNIA.

Recovery of workmen's compensation for disability which
did not arise until long after plaintiff had left employ of
defendant would not be barred by reason of such fact,
where hernia, causing the disability, was sustained while
plaintiff was defendant's employee (Act No. 10, pt. 7, § 1,
Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61,
Pub. Acts 1937, and amended by Act No. 245, Pub. Acts
1943).

7. SAME—CLAIM FOR COMPENSATION—TIME OF FILING—HERNIA.

Where claim for workmen's compensation for disability due to
hernia was made only two weeks before the hearing by the
deputy, the claim for compensation was seasonably made,
especially where report filed at time hernia occurred was for
a noncompensable injury (2 Comp. Laws 1929, § 8431, as
amended by Act No. 245, Pub. Acts 1943).

Appeal from Department of Labor and Industry.
Submitted January 14, 1949. (Docket No. 82, Cal-
endar No. 44,245.) Decided February 28, 1949.

Bill by Theodore Baughman against Vicker's, In-
corporated, employer, and Royal Indemnity Com-

pany, insurer, for compensation for hernia sustained while in its employ. Award to plaintiff. Defendants appeal. Affirmed.

*Dann, Schermerhorn & Simon,* for plaintiff.

*Ward & Plunkett,* for defendants.

CARR, J. On December 13, 1942, plaintiff in the course of his work as an employee of defendant Vicker's, Inc., suffered an inguinal hernia. It is his claim that while lifting a box weighing 60 or 70 pounds his foot slipped, and that at the time he felt a pain in the groin. Shortly thereafter, while operating a drill press, he felt a further pain of like nature. He immediately reported to his foreman, who sent him to the first-aid department maintained by the employer. The next morning he was taken to a physician in the employ of Vicker's, Inc., who examined him and determined that he had a hernia. After some conversation with reference to an operation plaintiff was directed to purchase a truss, which he did. Apparently he lost no time from his employment.

Shortly thereafter Vicker's, Inc., hereinafter referred to, for the sake of convenience, as the defendant, reported the matter to the State department of labor and industry on the noncompensable form, indicating therein that in the course of his employment plaintiff had strained his left side, causing a hernia, that there was no disability resulting, and that plaintiff continued working. It further appears that plaintiff left defendant's employ in July, 1943, that he was subsequently employed elsewhere for an aggregate of approximately 10 months, and then began working for himself as a contractor. On March 18, 1948, he filed application for hearing and adjustment of his claim for compensation.

On the hearing before a deputy commissioner of the department of labor and industry plaintiff was the only witness sworn. Defendants denied liability on the ground, among others, that plaintiff had not made his claim for compensation within the time limited by the Michigan workmen's compensation act.* The deputy concluded that such objection was well founded, and denied compensation. On appeal the compensation commission of the department reversed the deputy, finding that plaintiff had sustained an occupational disease arising out of and in the course of his employment, that disability by reason of the hernia occurred on May 12, 1948, and that plaintiff was entitled to compensation accordingly. An order was entered, stating plaintiff to be "entitled to an operation for the repair of his hernia and to compensation at the rate of $21 per week from May 12, 1948 and until the further order of the commission." From such award defendants, on leave granted, have appealed.

Appellants do not question specifically the finding of the compensation commission that plaintiff suffered an occupational disease arising out of and in the course of his employment. It is insisted, however, that there is no testimony in the record to sustain the finding that disability occurred on May 12, 1948, at which time plaintiff, as established by his uncontradicted testimony on the hearing, stopped working. It is insisted in substance that the proofs before the deputy and the compensation commission did not disclose that plaintiff's condition on the date in question was other or different than it had been following the time of the injury in December, 1942. Under examination by his counsel, plaintiff testified, in part, as follows:

---

* Act No. 10, Pub. Acts 1912 (1st Ex. Sess.), as amended (2 Comp. Laws 1929, § 8407 et seq., 3 Comp. Laws 1948, § 411.1 et seq. [Stat. Ann. § 17.141 et seq.]).

..*"Q.* How does this hernia in any way affect you?

⸱ *"A.* Well, recently it is getting more painful, and and I think I had better have it taken care of. Otherwise;, of course, the truss bothers me. It has. all along.

⸱ *"Q.* You have been wearing a truss ever since?  :

*"A.* Yes.

*"Q.* When you do any heavy lifting or any straining, does that cause you to suffer any pain or discomfort?

*"A.* It does, and I keep away from that as much as much as possible, yes."

- On cross-examination, the following occurred:

-⸱*"Q.* And you continued working from that time, and your hernia didn't become disabling to you until just recently; is that right?                         ⸱

⸱ *"A.* I think that is right. It bothered so."

Plaintiff further testified that he had not worked during the two weeks preceding the hearing. Counsel representing defendants further admitted before the referee that the employer's doctor, presumably the physician who had examined plaintiff at the time of the injury, reported that plaintiff had a hernia, counsel adding the further comment, "but the evidence shows that it was not disabling until very recently." The further concession was made that a hernia, such as plaintiff was suffering from at the time, could be disabling.

It was the duty of the compensation commission to determine from the evidence whether plaintiff had sustained a disability, and, if so, the date thereof. Part 7 of the workmen's compensation law, relating to compensation for disabilities caused by occupational diseases, was added to the law by Act No. 61, Pub. Acts 1937. Section 1 thereof, as amended by Act No. 245, Pub. Acts 1943 * (Comp. Laws Supp.

---

⸱ * 3 Comp. Laws 1948, § 417.1.—Reporter. .{.        ⸱    ᴗ   ⸱

1945, § 8485–1, Stat. Ann. 1947 Cum. Supp. § 17.-220), defines the word "disability" as meaning "the state of being disabled from earning full wages at the work in which the employee was last subjected to the conditions resulting in disability." The section contains the further provision:

"That a hernia to be compensable must be clearly recent in origin and result from a strain arising out of and in the course of the employment and promptly reported to the employer."

The interpretation of the clause last quoted was considered by the Court in *Riley* v. *Berry Brothers Paint Co.*, 293 Mich. 500, 503. See, also, *Finch* v. *Ford Motor Company*, 321 Mich. 469, in which the interpretation of the term "disability" was discussed. In the instant case it is not disputed that the employer was advised of the existence of the hernia on the day it was incurred. The report to the department of labor and industry indicated that such hernia was the result of a strain. Under part 7, § 7,† of the workmen's compensation law it was the duty of the compensation commission to determine when the disability, if there was such, actually arose. (Comp. Laws Supp. 1940, § 8485–7, Stat. Ann. 1947 Cum. Supp. § 17.226.)

In passing on the factual issues before it, it was the province of the commission to weigh the testimony and to draw permissible inferences therefrom. *Lynch* v. *R. D. Baker Construction Co.*, 297 Mich. 1; *McVicar* v. *Harper Hospital*, 313 Mich. 48. Under the express provisions of the statute,* findings of fact by the commission, if supported by testimony, are conclusive in the absence of fraud. *Stewart* v. *Lakey Foundry & Machine Co.*, 311 Mich. 463; *Ryder*

---

† 3 Comp. Laws 1948, § 417.7.—REPORTER.
* 2 Comp. Laws 1929, § 8451, as amended by Act No. 245, Pub. Acts 1943 (3 Comp. Laws 1948, § 413.12 [Comp. Laws Supp. 1945, § 8451, Stat. Ann. 1947 Cum. Supp. § 17.186]).

v. *Johnson,* 313 Mich. 702. On the record before us we cannot say that the finding of the commission that plaintiff became disabled from employment on May 12, 1948, as the result of the hernia incurred by him in defendant's employ, was not sustained by testimony and by legitimate inferences deducible therefrom. In the awarding of compensation the date of disability is controlling. See *Henderson* v. *Consumers Power Co.,* 301 Mich. 564; *Nicholas* v. *St. Johns Table Co.,* 302 Mich. 503; *Allen* v. *Kalamazoo Paraffine Co.,* 312 Mich. 575; *Thompson* v. *Lake Superior Lumber Corporation,* 318 Mich. 510.

Defendants further argue that compensation should be denied because at the time he became disabled plaintiff was not employed by the defendant. A like situation existed in *Cundiff* v. *Chrysler Corp.,* 293 Mich. 404, in which an award of compensation to the plaintiff was affirmed. See,. also, *Pritchard* v. *Ford Motor Co.,* 276 Mich. 246. While these cases arose under part 2 of the act, they are equally in point in proceedings under part 7 for the recovery of compensation based on disability resulting from an occupational disease. Appellants' claim that plaintiff's compensation was barred because he did not remain in the employ of defendant until he became disabled is not tenable.

Counsel for defendants calls attention to *Basner* v. *Defoe Shipbuilding Company,* 319 Mich. 67. There an order of the commission denying compensation was affirmed, such order being based on the failure of the plaintiff to make claim for compensation within the time limited by the statute. There, however, the accident from which the claim resulted occurred on July 23, 1943, and the disability arose in the latter part of September in the same year, within the period of 6 months after the accident. Claim was not actually made until March 1, 1946. In the case at bar the disability on which the compensation com-

mission based its award arose exactly 2 weeks prior to the hearing before the deputy. On the basis of the facts before us it cannot be said that the claim for compensation because of plaintiff's alleged disability was not seasonably made.

Defendants' argument that plaintiff is not entitled to compensation because his claim was not seasonably filed apparently rests on the theory that the right to make such claim arose immediately following the incurring of the hernia on December 13, 1942. However, as before noted, defendant at that time reported the injury as noncompensable, stating that disability had not resulted therefrom and that plaintiff was working at the time the report was made. If plaintiff had then filed his claim, as defendants, in effect, suggest he might have done, he doubtless would have been confronted with the fact that he had not sustained a disability that prevented his continuing in his employment. Plaintiff's right to compensation now is premised on the disability arising in May, 1948. Defendants' argument, if carried to its logical conclusion, suggests that the employer should have filed a compensable accident report. If it failed to perform its statutory duty in this respect, it may not now invoke the statute of limitations in bar of plaintiff's claim. (2 Comp. Laws 1929, § 8431, as amended by Act No. 245, Pub. Acts 1943 * [Comp. Laws Supp. 1945, § 8431, Stat. Ann. 1947 Cum. Supp. § 17.165].) See, also, *Pritchard* v. *Ford Motor Co., supra.* As hereinbefore indicated, however, we think the award of the compensation commission was properly based on part 7 of the act, and that the finding as to the occurrence of

---

* 3 Comp. Laws 1948, § 412.15.—REPORTER.

plaintiff's disability was supported by competent proof.

The award is affirmed, with costs to plaintiff.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.