JOHNSTON *v.* COMMERCE PATTERN FOUNDRY
MACHINE COMPANY.

1. WORKMEN'S COMPENSATION—NONDISABLING INGUINAL HERNIA—
REPORT.

Where plaintiff suffered an inguinal hernia in February, 1943,
which was nondisabling for a period of upwards of 5 years, a
report of a compensable injury was not required of the em-
ployer immediately after the injury and notice thereof be-
cause of the possibility that the hernia might prevent plain-
tiff in the future from doing the work in which he was en-
gaged at the time of the occurrence (CL 1929, § 8431).

2. SAME—NONDISABLING INGUINAL HERNIA.

Under the workmen's compensation act as it stood in February,
1943, a nondisabling hernia was not compensable *ipso facto.*

3. SAME—COMPENSATION COMMISSION—FINDINGS OF FACT—INFER-
ENCES—EVIDENCE.

In passing upon factual issues before the workmen's compensation
commission, it is the province of the commission to weigh the
testimony and draw permissible inferences therefrom and if its
findings of fact are supported by testimony, they are conclusive
in the absence of fraud (CL 1948, § 413.12).

4. SAME—INGUINAL HERNIA—SUBSEQUENT DISABILITY.

Where workmen's compensation commission found that employee
suffered an inguinal hernia while carrying steel, in February,
1943, from a strain incidental to his work and that it did not

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation, § 382.
[2, 4] 58 Am Jur, Workmen's Compensation, § 255.
[2, 4] Hernia as result of sudden strain as accident or accidental
injury within workmen's compensation act. 98 ALR 205.
[2, 4] Construction and application of specific provisions of work-
men's compensation act relating to hernia. 114 ALR 1337.
[3] 58 Am Jur, Workmen's Compensation, §§ 483, 530, 532.
[5] 58 Am Jur, Workmen's Compensation, § 281 *et seq.*
[6] 14 Am Jur, Costs, § 92.

disable him until August, 1948, and that he suffered an occupational hernia arising out of and in the course of his employment, award of compensation by reason of the provisions of the workmen's compensation act as then amended was proper (CL 1948, §§ 417.1, 417.2).

5. SAME—DATE OF DISABILITY.

In the awarding of compensation under the occupational disease amendment of the workmen's compensation act, the date of disability is controlling (CL 1948, § 417.1 et seq.).

6. COSTS—BRIEFS.

No costs are allowed upon affirmance of award to plaintiff, where he filed no brief on appeal.

Appeal from Workmen's Compensation Commission. Submitted October 7, 1949. (Docket No. 55, Calendar No. 44,498.) Decided December 7, 1949.

Stanley B. Johnston presented his claim against Commerce Pattern Foundry Machine Company for compensation for personal injuries sustained while in its employ. Award to plaintiff. Defendant appeals. Affirmed.

*Lacey, Scroggie, Lacey & Buchanan,* for defendant.

CARR, J. This case arises under the workmen's compensation law of the State, PA 1912 (1st Ex Sess), No 10, as amended (CL 1929, § 8407 et seq., CL 1948, § 411.1 et seq. [Stat Ann § 17.141 et seq.]). On February 26, 1943, plaintiff was employed by the defendant and at the time was engaged in constructing fixtures. In connection with such work he was required to handle pieces of steel of varying weights. On the day in question he lifted a piece of steel for the purpose of carrying it to his bench, approximately 100 feet distant, and as he turned he felt a sharp pain in his left side. He continued with his work and the pain ceased to be noticeable, but

that evening he discovered that he had suffered an inguinal hernia.

On the morning of March 1st he reported to defendant's first-aid department and was sent to a doctor who made an examination. Thereafter plaintiff discussed the situation with a representative of the defendant and was asked if he wanted "an operation or a truss." Plaintiff replied in substance that he did not wish either, and that he could not then take time off for an operation. Defendant reported the matter to the State department of labor and industry on the noncompensable form, setting forth the nature of the "injury or occupational disease" as an inguinal hernia and indicating that the employee was continuing with his regular work.

Plaintiff continued in his employment without suffering any disability from the hernia until the spring of 1948. He then went to the first-aid department and advised defendant's employees in charge thereof that he would like to have his "hernia claim cleared up." Said employees refused to make arrangements for an operation, but plaintiff did so and on August 1, 1948, he entered a hospital where an operation was performed the following day. He returned to work on September 13, 1948.

Application for hearing and adjustment of claim was filed with the workmen's compensation commission in accordance with the provisions of the statute, plaintiff stating therein that in the spring of 1943 he had sustained an indirect inguinal hernia while in the employ of the defendant, and that the last day worked was July 30, 1948. Defendant filed its answer denying plaintiff's right to compensation and specifically asserting that if plaintiff was suffering from a hernia such "was not the result of a strain arising out of and in the course of plaintiff's employment with the defendant in accordance with subdivision (c), section 1, part 7 of the workmen's compen-

sation act." Following a hearing before a deputy
commissioner, plaintiff was awarded compensation
at the rate of $21 per week from August 1 to Sep-
tember 12, inclusive, 1948, together with the further
sum of $374 for medical and hospital expense. The
compensation commission affirmed the award. On
leave granted, defendant has appealed.

The award of which defendant complains was
based on part 7 of the workmen's compensation law,
added thereto by PA 1937, No 61.* Sections 1 and
2 thereof, as amended by PA 1943, No 245, read as
follows:

"Sec. 1. Definition. Whenever used in this act:

"(a) The word 'disability' means the state of being
disabled from earning full wages at the work in
which the employee was last subjected to the condi-
tions resulting in disability;

"(b) The word 'disablement' means the event of
becoming so disabled as defined in subparagraph
(a);

"(c) The term 'personal injury' shall include a
disease or disability which is due to causes and con-
ditions which are characteristic of and peculiar to
the business of the employer and which arises out of
and in the course of the employment. Ordinary dis-
eases of life to which the public is generally exposed
outside of the employment shall not be compensable:
Provided, however, That a hernia to be compensable
must be clearly recent in origin and result from a
strain arising out of and in the course of the employ-
ment and promptly reported to the employer.

"Sec. 2. The disablement of an employee result-
ing from such disease or disability shall be treated
as the happening of a personal injury within the
meaning of this act and the procedure and practice
provided in this act shall apply to all proceedings

* CL 1948, § 417.1 *et seq.* (Stat Ann 1947 Cum Supp § 17.220 *et seq.*).

under this part, except where specifically otherwise provided herein,"

The deputy commissioner and the compensation commission came to the conclusion that the sections quoted were applicable in the instant case. Defendant contends that the injury sustained by the plaintiff is not within the scope of part 7 of the workmen's compensation law, but should be regarded as a "single event" injury, attributable to a specific incident, and for that reason subject to the provisions of part 2 of the law (CL 1929, § 8417 *et seq.*, CL 1948, § 412.1 *et seq.* [Stat Ann § 17.151 *et seq.*]) relating to the payment of compensation to employees receiving personal injuries arising out of and in the course of their employment, without reference to amendments effective subsequent to February 26, 1943. Defendant relies particularly on section 15 of part 2 which, at the time plaintiff suffered the hernia, required a claim for compensation to be made within 6 months after the occurrence of the injury, subject to certain exceptions not material in the instant case, and further provided that "no such claim shall be valid or effectual for any purpose unless made within 2 years from the date the accidental personal injury was sustained." Said section further provided that the statute of limitations should not run in favor of an employer who, with notice of the accident, failed to file a proper report with the department of labor and industry. (CL 1929, § 8431 [Stat Ann § 17.165].)

Defendant insists that the noncompensable report filed by it was proper under the circumstances. It may be noted in this regard that the opinion of the compensation commission raises no question as to the form of such report. It does not appear that it was open to objection. Plaintiff did not suffer a disability that prevented him from continuing in his

work, and he did so continue for a period of over 5 years. A report of a compensable injury was not required because of the possibility that the hernia might prevent plaintiff in the future from doing the work in which he was engaged at the time of the occurrence in February, 1943. *La Duke* v. *Consumers Power Co.*, 299 Mich 625.

We are unable to agree with defendant's contention that the injury to plaintiff is subject wholly to the provisions of part 2 of the workmen's compensation law and that the compensation commission was in error in awarding compensation under part 7. It is conceded that during the period designated in the statute of limitations, section 15 of part 2, plaintiff was able to do his work notwithstanding the injury. He could not in consequence have maintained a claim for compensation during such period. Under the Michigan statute a hernia was not at the time of the accident compensable *ipso facto*. *Paridee* v. *Great Atlantic & Pacific Tea Co.*, 278 Mich 191, 195.

Plaintiff's inability to carry on his work did not develop prior to August 1, 1948. The finding of the compensation commission that there was disability as of that date is not questioned by the defendant. Rather, as appears from defendant's application for leave to appeal and from the questions set forth and discussed in its brief, it seeks to set aside the award on the theory that plaintiff sustained a "single event" injury, that there was no basis in the testimony for a finding of occupational hernia, and that the statute of limitations in section 15 of part 2 barred the award.

Plaintiff's work involved the lifting of pieces of steel of varying weights and carrying them some distance to the table on which he constructed fixtures. The hernia was not suffered as a result of an accident. He did not slip or fall or meet with other

fortuitous circumstance. On the hearing before the deputy commissioner plaintiff testified in part as follows:

"*Q.* And what size materials did you handle?

"*A.* At that time it was steel, from any kind of weight.

"*Q.* Well, give us the approximate weight.

"*A.* We have handled, you might as well say, from a pound up to probably a ton.

"*Q.* Well, you wouldn't handle a ton of steel at one time, would you? ·

"*A.* No, we'd have a chain pull them [chain fall then?].

"*Q.* What happened, if anything, on February 26, 1943?

"*A.* I sustained a hernia.

"*Q.* How? Tell us?

"*A.* By lifting a piece of steel from the saw, carried it up to my bench.

"*Q.* Did you slip or fall?

"*A.* Just a twist.

"*Q.* What did you feel, if anything?

"*A.* Just a sharp pain.

"*Q.* Where?

"*A.* In my left side. * * *

"*Q.* And this stock was on the table of this band saw?

"*A.* That is right.

"*Q.* You grasped hold of it and turned around, and started to walk to your bench, is that it?

"*A.* That is right.

"*Q.* You say, when you turned, that is when you felt the pain?

"*A.* That is right.

"*Q.* Did you have the stock in your hand at that time?

"*A.* That is right.

"*Q.* In other words, you lifted it off the table, turned around and walked to the bench 100 feet away or so?

"*A.* That is right, and—

"*Q.* And that is when you felt the pain?

"*A.* That is right.

"*Q.* Did you drop the stock?

"*A.* No, I didn't drop it.

"*Q.* Now, that was on a Friday, is that right, the 26th of February?

"*A.* It was in February.

"*Q.* And once before while the deputy was talking to you, Mr. Johnston, you said that it was while you were lifting this piece of steel, and twisted, and you felt the pain?

"*A.* That is right.

"*Q.* Am I describing it accurately as the manner in which this happened; namely, you picked it off the bench?

"*A.* Off the saw.

"*Q.* And in turning over you twisted?

"*A.* That is right.

"*Q.* To turn to walk towards the bench? In other words, it was behind you, is that right?

"*A.* Then my bench was 105 feet from it. Right now they removed the saw.

"*Q.* You had to turn from the direction and in which you were facing and carrying it to your bench, and it was during this twist or turn that you felt the pain?

"*A.* That is right.

"*Q.* As I understand it, it was your intention simply to take the stock from the saw back to your bench to work on?

"*A.* That is what I have to do; that is my job.

"*Q.* That is what you intended to do?

"*A.* That is right."

The deputy commissioner and the compensation commission found, as indicated by the award made, that plaintiff's hernia resulted from strain inciden-

tal to the work that he was engaged in doing for defendant. In determining the facts it was the duty of the commission to consider the testimony before it and to draw permissible inferences therefrom. Under the express provisions of the statute findings of fact by the commission, if supported by testimony, are conclusive in the absence of fraud. CL 1948, § 413.12 (Stat Ann 1947 Cum Supp § 17.186); *Stewart* v. *Lakey Foundry & Machine Co.*, 311 Mich 463; *McVicar* v. *Harper Hospital*, 313 Mich 48; *Shaw* v. *General Motors Corporation*, 320 Mich 338. On this record we are not prepared to say that in making its factual findings the commission did not draw proper and legitimate inferences from the testimony.

In sustaining the award made by the deputy commissioner the compensation commission referred to the decision of this Court in *Baughman* v. *Vicker's, Incorporated*, 323 Mich 710. The facts there involved were very similar to those in the case at bar. There, as here, the employee suffered an inguinal hernia while lifting in the course of his employment. The compensation commission in making an award to the plaintiff found that he had suffered an occupational hernia arising out of and in the course of his employment. The testimony supported such finding, and it was not specifically questioned by the defendant. The principal issue in the case was whether the proofs justified a finding that the plaintiff's condition on May 12, 1948, when he stopped work, was other or different than it had been following the time of the injury on December 13, 1942. The commission found from the proofs that there was such change, that disability by reason of the hernia occurred on May 12, 1948, and that the plaintiff was entitled to compensation accordingly. On appeal this Court affirmed the award. As before noted, defendant in the case at bar does not question the holding of the commission that plaintiff Johnston became

disabled on August 1, 1948, that is, that he suffered a "disability or disablement" on that date within the meaning of those terms as used in sections 1 and 2 of part 7 of the workmen's compensation law, above quoted.

The reasons stated for the conclusion in the *Baughman Case* are applicable here and must be regarded as controlling. Here, as there, it was the duty of the compensation commission to determine if disability on the part of the plaintiff existed, and, if so, when such disability occurred. In awarding compensation the date of disability is controlling. Following the occurrence of the disability in the instant case the claim for compensation was seasonably filed.

The award is affirmed. Inasmuch as plaintiff has not filed a brief, no costs are allowed.

SHARPE, C. J., and BUSHNELL, BOYLES, REID, NORTH, DETHMERS, and BUTZEL, JJ., concurred.