JOSLIN *v.* CAMPBELL, WYANT & CANNON FOUNDRY CO.

1. WORKMEN'S COMPENSATION—SILICOSIS.

Claims for compensation for silicosis are governed by the provisions of the occupational disease amendment of the workmen's compensation act and also by such other parts of the act as are made applicable by specific reference or by clear implication (CL 1948, § 411.1 *et seq.*, as amended).

2. SAME—SILICOSIS—DEPENDENTS—TIME OF INJURY.

The "time of injury" for an occupational disease, such as silicosis, as set forth by statute for determining dependency status, is "the last day of work in the employment in which the employee was last subjected to the conditions resulting in disability or death" (CL 1948, §§ 412.1, 412.9; § 417.1 *et seq.*).

3. SAME—FINDING OF APPEAL BOARD—EVIDENCE.

Finding of workmen's compensation appeal board that "time of injury" of plaintiff who had worked 20 years at defendant's foundry was some 11 years after last day of work, the date of disablement, rather than the last day of work with defendant *held,* unsupported by record in proceeding to recover workmen's compensation by person, afflicted with silicosis, who had 1 dependent at time of injury and 4 dependents at time of disablement (CL 1948, §§ 412.1, 412.9; § 417.1 *et seq.*).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 252.
Conditions of bodily organs due to particles of dust or other material incident to work as compensable within workmen's compensation act not covering occupational diseases. 62 ALR 1460; 97 ALR 1412.

[2, 5] 58 Am Jur, Workmen's Compensation § 409.
When limitation· period begins to run against workmen's compensation claim for contracting of disease. 11 ALR2d 297.
When prescription period under workmen's compensation act begins to run in case of occupational or ·industrial diseases. 86 ALR 572.

[3] 58 Am Jur, Workmen's Compensation § 450.
[4] 50 Am Jur, Statutes § 357 *et seq.*
[6] 50 Am Jur, Statutes § 243.
[7] 58 Am Jur, Workmen's Compensation § 543.

4. Statutes—Construction.

The Supreme Court must construe a legislative enactment in its entirety, and one provision may not be construed in such manner as to render another of no effect if such result can be avoided.

5. Workmen's Compensation—Silicosis—Accrual of Rights—Notice—Weekly Benefits—Dependents.

The "date of disablement" from silicosis determines when rights to workmen's compensation accrue, when notice must be given, and when the claim must be filed, while "time of injury" determines the amount of weekly benefits to be paid to the extent such benefits depend upon an employee's dependency status and his average weekly wage (CL 1948, §§ 412.1, 412.9; § 417.1 *et seq.*).

6. Statutes—Construction.

The Supreme Court may not read into a statute a mandate that the legislature has not seen fit to incorporate.

7. Costs—Public Question—Construction of Statutes.

No costs are allowed in proceeding to recover workmen's compensation, where modification of award because of workmen's compensation appeal board's misconstruction of the statute involves a public question (CL 1948, §§ 412.1, 412.9; § 417.1 *et seq.*).

Appeal from Workmen's Compensation Appeal Board. Submitted January 7, 1960. (Docket No. 36, Calendar No. 48,300.) Decided April 11, 1960.

Orville D. Joslin presented his claim against Campbell, Wyant & Cannon Foundry Co., employer, and Michigan Mutual Liability Company, insurer, for compensation because of occupational lung injury, claiming as dependents children born after leaving employment but before lung injury became disabling. Award to plaintiff accordingly. Defendants appeal. Reversed in part determining dependents as of time of last day of exposure in defendant's employ.

*Marcus, Kelman, Loria, McCroskey & Finucan* (*Benjamin Marcus* and *Robert Libner*, of counsel), for plaintiff.

*E. G. Poxson, Jr.*, and *James L. Schueler*, for defendants.

SOURIS, J.  The only question presented by this case is whether the weekly compensation benefits payable to an employee suffering from an occupational disease compensable under the workmen's compensation act, PA 1912 (1st Ex Sess), No 10, as amended (CL 1948, § 411.1 *et seq.*, as amended [Stat Ann 1950 Rev § 17.141 *et seq.*, as amended]); are determined on the basis of the number of his dependents as of the date of the employee's disablement or as of the "date of injury", as that term is defined in section 1, part 2, of the act.*  This question requires answer in this case because the employee's disablement, as that word is defined in the act, occurred substantially after his last day of work in the employment in which he was last subjected to the conditions resulting in his disability and in the interim his dependents increased from 1 to 4.

The facts necessary for decision are not in dispute.  Plaintiff suffers from silicosis.  He worked as a foundry employee of defendant from 1926 to 1946.  Eleven years later, in 1957, he gave notice of disability to defendant and filed claim for compensation benefits.  The referee found that plaintiff knew of his silicotic condition in 1946 and, therefore, that his notice to defendant and his claim for benefits were not made within the time prescribed by the statute.†  The appeal board reversed the referee's

---

* CLS 1956, § 412.1 (Stat Ann 1959 Cum Supp § 17.151).  The issue in this case is not affected by the 1954 amendment to this section.—REPORTER.

† Section 10, part 7 (CL 1948, § 417.10 [Stat Ann 1950 Rev § 17-.229]).

order on the ground that plaintiff first became disabled from performing the work which caused his disability on October 2, 1957, and that plaintiff had given notice thereof and filed claim therefor within a few days thereafter. The appeal board ruled that the time limitation within which notice must be given and claim must be filed commenced on said date of disability and that plaintiff's notice and claim were well within such time limitation. The appeal board awarded plaintiff weekly compensation benefits determined, in part, by the number of persons dependent upon him in 1957.

The only error claimed by defendant is that the appeal board should have determined plaintiff's weekly compensation benefits on the basis of the number of persons dependent upon him in 1946 rather than in 1957. It is defendant's claim that plaintiff's dependency status on the "date of injury", *as that term is defined in section 1 of part 2 of the act,* determines the rate of his weekly compensation benefits and that the appeal board disregarded the statutory definition of "date of injury" when it counted plaintiff's dependents as of 1957.

Part 7 of the act was added by the occupational disease act of 1937, PA 1937, No 61 (CL 1948, § 417.1 *et seq.,* as amended [Stat Ann § 17.220 *et seq.,* as amended]). Claims for compensation for disability caused by silicosis are governed by the provisions of part 7 and also by such other parts of the act as are made applicable by specific reference or by clear implication.

For example, it is necessary to apply section 9 of part 2* to determine the compensation payable in occupational disease cases arising under part 7 as well as in other cases. But, section 9 of part 2 speaks

---

* CLS 1956, § 412.9 (Stat Ann 1959 Cum Supp § 17.159).—Reporter.

in terms of "time of the injury" in determining dependency status:

"(a) While the incapacity for work resulting from the injury is total, the employer shall pay, or cause to be paid as hereinafter provided, to the injured employee, a weekly compensation of 66–2/3% of his average weekly wages, but not more than $33 if such injured employee has no dependents; $36 per week if 1 dependent; $40 if 2 dependents; $45 if 3 dependents; $51 if 4 dependents and $57 if 5 or more dependents. Weekly payments shall in no event be less than $18 if there are no dependents; $20 if 1 dependent; $22 if 2 dependents; $24 if 3 dependents; $26 if 4 dependants; and $28 if 5 or more dependents, * * *

"(b) For the purposes of this section and of section 10, dependency shall be determined as follows:

"The following persons shall be conclusively presumed to be dependent for support upon an injured employee:

"1. The wife of an injured employee living with such employee as such wife at the time of the injury.

"2. A child under the age of 16 years, or over said age, if physically or mentally incapacitated from earning, living with his parent at the time of the injury of such parent.

"(c) In all other cases questions of dependency shall be determined in accordance with the fact, as the fact may be at the time of the injury.   * * *

"(e) No increase in payments shall be made for increased numbers of dependents not so dependent at the time of the injury of an employee."

The term "time of the injury" is clearly more suitable when referring to disabilities resulting from the loss of an eye or an arm or the crushing of a foot than it is when referring to occupational diseases such as silicosis but, by statutory definition, it is made applicable to such diseases. Section 1 of part 2, in pertinent part, provides:

"The term 'time of injury' or 'date of injury' as used in this act shall in the case of a disease or in the case of an injury not attributable to a single event be the last day of work in the employment in which the employee was last subjected to the conditions resulting in disability or death."

The normal meanings of the words used in sections 1 and 9 of part 2, *supra,* support defendant's claim that the appeal board erred, as a matter of law, in finding that plaintiff's dependency status should be determined as of a date other than in 1946, the last day of work in the employment in which he was last subjected to the conditions resulting in his disability. The record made before the referee, and relied upon by the appeal board, is barren of any evidence to support the board's implied finding that the time of injury occurred in 1957.

Plaintiff urges upon this Court a construction of the statute with which we cannot agree. His contention may be stated as follows:

Section 2 of part 7 provides that the disablement from occupational disease shall be treated as the happening of a personal injury; section 7 of part 7[*] requires the appeal board to determine the *date* of disablement; and section 1 (c) of part 7,[†] as amended by PA 1943, No 245, defines the words "disease" and "disability" as included in the term "personal injury". Hence, argues plaintiff, "the legislature in clear and express terms settled the problem of *when* the date of disablement or injury occurred, without the necessity for borrowing from any other part of the act." In short, plaintiff urges that in part 7 cases, we substitute the term "date of disablement" for the term "time of injury" wherever the latter term is used in section 9 of part 2. Plaintiff's argument merges "date of disablement" and "date of

---

[*] CL 1948, § 417.7 (Stat Ann 1950 Rev § 17.226).—Reporter.
[†] CL 1948, § 417.1 (Stat Ann 1950 Rev § 17.220).—Reporter.

injury" as applied to occupational disease cases so that not only would the employee's rights first accrue on the date of disablement found by the board (for example, for purposes of determining when notice must be given and claim made), but his weekly compensation benefit rate would also be determined as of such date (for example, for purposes of determining his dependency status, his average weekly wage, et cetera). As plaintiff notes in his brief, in those instances where the employee leaves his employment because he has become disabled from an occupational disease, the "date of injury" as defined in section 1 of part 2 and the "date of disablement" as found by the board pursuant to section 7 of part 7 might coincide and the construction of the statute urged by plaintiff would not affect the result. However, where disablement occurs substantially after the employee leaves his employment, the result might be affected materially if plaintiff's theory were accepted, as in the case at bar.

Considered alone, sections 2 and 7 of part 7 might be construed to authorize the result reached by the appeal board in this case and urged upon us by plaintiff. But this Court must construe a legislative enactment in its entirety. As this Court has previously stated, one provision may not be construed in such manner as to render another of no effect if such result can be avoided. *Brady* v. *City of Detroit,* 353 Mich 243, 248. Earlier, this Court said:

"The entire act must be read, and the interpretation to be given to a particular word in one section arrived at after due consideration of every other section so as to produce, if possible, a harmonious and consistent enactment as a whole." *City of Grand Rapids* v. *Crocker,* 219 Mich 178, 182, 183.

Applying the foregoing standards of statutory construction, some meaning must be given to section 1,

part 2, *supra*, which specifically defines "time of injury". Plaintiff suggests that that section applies only to injuries caused by repetitive trauma, but this suggestion requires that we ignore the specific legislative statement that it is applicable to "the case of a disease" as well as to "the case of an injury not attributable to a single event". As indicated above, the meaning to be given to section 1 of part 2 is that it applies to determine the "time of injury" in occupational disease cases as well as in others, as that term is used in section 9 of part 2.

Under part 2 of the act, rights to compensation accrue upon the happening of a personal injury, but in occupational disease cases under part 7 of the act, it is frequently impossible to determine with precision when the personal injury (see section 1 [c] of part 7, which defines "personal injury" to include disease) occurs. Further, if rights to compensation in occupational disease cases accrued upon the happening of the personal injury, the statutory time limitations for giving notice and filing claim would frequently expire before disablement occurred, thereby defeating the very purpose of the act. By section 2 of part 7, the legislature avoided this result. That section provides:

"The disablement of an employee resulting from such disease or disability shall be treated as the happening of a personal injury within the meaning of this act and the procedure and practice provided in this act shall apply to all proceedings under this part except where specifically otherwise provided herein." CL 1948, § 417.2 (Stat Ann 1950 Rev § 17-.221).

It is significant that the term "happening of a personal injury", or its equivalent, is found elsewhere

in the act only in section 15 of part 2,* which sets forth the time limitations within which notice of injury must be given the employer and within which claim for compensation therefor must be made.

By enactment of section 2, part 7, the legislature provided that rights to compensation in occupational disease cases under part 7 shall accrue upon disablement in the same manner as such rights in personal injury cases under part 2 accrue at the time of injury. This Court frequently has held that such rights do accrue upon disablement, and that the statutory time limitations for giving notice and filing claim therefor commence as of the date of disablement. *Johnston* v. *Commerce Pattern Foundry Machine Co.*, 326 Mich 300; *Baughman* v. *Vicker's, Inc.*, 323 Mich 710; *Gerlesits* v. *Lakey Foundry & Machine Co.*, 319 Mich 229; and *Mosier* v. *Marshall Furnace Co.*, 318 Mich 113.

The foregoing interpretations of parts 2 and 7 of the act give meaning to all sections thereof. Thus, "date of disablement" determines when rights accrue, when notice must be given, and when claim must be filed, while "time of injury" determines the amount of weekly compensation benefits to be paid to the extent such benefits depend upon an employee's dependency status and his average weekly wage.

The result in this case discloses an anomalous disparity in the benefits available to the occupational disease victim as compared with the benefits available to the victim of an industrial "accident". The employee who is immediately disabled by injury, under the act, is entitled to receive compensation in part based upon the number of dependents he had at the time of his disability, the disability in such cases occurring at the same time as the injury. In such cases the legislature has recognized the desirability

* CLS 1956, § 412.15 (Stat Ann 1959 Cum Supp § 17.165).—RE-PORTER.

of basing in part the rate of compensation to be paid from the moment of disability on the number of mouths there are then to be fed, the number of backs there are then to be clothed, and the number of minds there are then to be educated. Should not the victim of a compensable occupational disease, who suffers as much of a disability by disease as his brother suffers by injury, be treated similarly? Are not his dependents to be fed, clothed, and educated from the date of his disability or are only some of them? Who shall say that the victim of a compensable occupational disease should have realized his exposure to unknown danger and should have so arranged his life that at the moment of his disablement there would be no dependents who were not in being on that crucial, but then apparently insignificant, "date of injury"? Thus do we have 2 standards for the measurement of compensation for victims of industrial disability. It requires little imagination to recognize the need for elimination of such disparity, but if it is to be done, it must be done by this State's legislature. As Mr. Justice CARR said, in *Jones* v. *Grand Ledge Public Schools,* 349 Mich 1, at p 11: "It is not within the province of this Court to read therein a mandate that the legislature has not seen fit to incorporate. Our duty is to apply the law as we find it."

The appeal board should have determined the weekly benefits to which plaintiff is entitled on the basis of the number of his dependents as of the date of his injury in 1946, as defined in section 1, part 2. To avoid any possible confusion, this opinion holds only that the date of injury, as defined in section 1 of part 2, is the date as of which the number of claimant's dependents are determined for the purpose of computing the weekly benefits to which he is entitled.

The award of the appeal board is reversed to the extent indicated above, and this cause is remanded to said appeal board solely for determination of plaintiff's weekly benefits and entry of an award in accordance with this opinion. A question of public concern being involved, no costs will be allowed.

Dethmers, C. J., and Carr, Kelly, Smith, Black, Edwards, and Kavanagh, JJ., concurred.