## MONTI v BURROUGHS CORPORATION

Docket No. 57880. Decided December 21, 1976. On application by defendant for leave to appeal the Supreme Court, in lieu of granting leave to appeal, remanded to the Workmen's Compensation Appeal Board.

Elsie A. Monti was injured in 1959 at the plant of her employer Burroughs Corporation. She experienced increasing amounts of back pain until she was laid off in 1971 for economic reasons. The plaintiff drew unemployment compensation for about a year thereafter, and in September, 1972, she filed a claim for workmen's compensation benefits. The Workmen's Compensation Appeal Board ordered benefits for total disability to be paid from the last day worked. The Court of Appeals, T. M. Burns, P. J., and R. B. Burns and D. F. Walsh, JJ., denied leave to appeal (Docket No. 26089). Defendant applies for leave to appeal. *Held:*

The case should be remanded for a further hearing and determination of the date of disability. Since the plaintiff was laid off for economic reasons and did not consult a physician for over a year, the last day of work was not necessarily the date of disability. However, that conclusion should not be predicated on the provisions of the statute applicable to occupational disease or disability, which suggests that the conclusion depends on categorizing the plaintiff's claim as an occupational disease or disability and that the result might be different if her claim were categorized as an industrial injury. Whether plaintiff's incapacity is compensable as an occupational disease or disablement, or as an industrial injury, she was not entitled to benefits until her condition incapacitated her for work.

Justice Lindemer, joined by Justices Coleman and Fitzgerald, would also remand:

The "date of injury", which in the case of an occupational disease is the last day of work in the employment in which the employee was last subjected to the conditions resulting in

REFERENCES FOR POINTS IN HEADNOTES
[1, 3] 82 Am Jur 2d, Workmen's Compensation §§ 338, 339.
[2] 82 Am Jur 2d, Workmen's Compensation § 340.

disability, is not necessarily the same as the "date of disablement", which may be later. In determining the date of disablement, the referee must apply the appropriate test of disability, *i.e.,* whether the employee is able to earn full wages at the work in which he was last employed when last subjected to the conditions resulting in disability. In this case there is nothing in the record to support a finding that on the last day worked the plaintiff met the test of disability, but rather it appears that the referee selected the date of disablement by applying the test for date of injury; the terms are different and the methods of selecting them cannot be interchanged.

Remanded to the Workmen's Compensation Appeal Board for a finding of the date of disablement.

OPINION OF THE COURT

1. WORKMEN'S COMPENSATION—OCCUPATIONAL DISEASE—INJURY—
   DATE OF DISABLEMENT.

   An employee is not entitled to workmen's compensation benefits until her condition incapacitated her for work whether her incapacity is compensable as an occupational disease or disablement or an industrial injury.

CONCURRING OPINION

COLEMAN, FITZGERALD, and LINDEMER, JJ.

2. WORKMEN'S COMPENSATION—OCCUPATIONAL DISEASE.

   *An employee who is partially incapacitated by an occupational disease but who remains capable of earning full wages at the work at which he was employed when last subjected to the conditions resulting in the disability is not entitled to receive workmen's compensation benefits (MCL 418.425; MSA 17.237[425]).*

3. WORKMEN'S COMPENSATION—OCCUPATIONAL DISEASE—DATE OF DIS-
   ABLEMENT.

   *The date of disablement due to an occupational disease is determined by whether an employee is able to earn full wages at the work in which the employee was employed when last subjected to the conditions resulting in disability; the date of injury, the last day worked in the case of an injury not attributable to a single event, need not coincide with the date of disablement, but may precede it (MCL 418.301, 418.425; MSA 17.237[301], 17.237[425]).*

*Philo, Maki, Cockrel, Robb, Spearman & Cooper*
for plaintiff.

*LeVasseur, Werner, Mitseff & Brown* (by *John
P. Baril)* for defendant.

Levin, J. Plaintiff suffered an industrial injury
when she fell on her back. She continued to work,
experiencing increasing back pain, until laid off
for economic reasons. More than a year later, after
consulting a physician, she applied for worker's
disability compensation benefits.

The referee found her totally disabled and or-
dered that benefits be paid from the last day
worked. The appeal board affirmed, and the Court
of Appeals denied leave to appeal.

We agree that this case should be remanded for
a further hearing and determination of the date of
disability. Since plaintiff was laid off for economic
reasons and did not consult a physician for over a
year, the last day of work was not necessarily the
date of disability.

My colleague predicates that conclusion on the
provisions of the statute applicable to occupational
disease or disability, which suggests that the con-
clusion depends on categorizing plaintiff's claim as
an occupational disease or disability and that the
result might be different if her claim were categor-
ized as an industrial injury.[1]

---

[1] We should not implicitly decide as a matter of law whether
plaintiff's present disability is attributable to the fall, or is an aggra-
vation of the injury suffered at that time, or constitutes an occupa-
tional disease.

The categorization may affect the time when the right to benefits
accrues and the act under which they are to be computed, and
consequently the rate and duration of benefits.

Compare *Braxton v Chevrolet Grey Iron Foundry Division of Gen-
eral Motors Corp,* 396 Mich 685; 242 NW2d 420 (1976), where plaintiff
was injured in an industrial accident but the appeal board did not
specifically find that the disability was due to that injury. We re-

When the occupational disease and disablement chapter, 1937 PA 61, was added, it may have been thought, because of the long course of many occupational diseases and disablements, that explicit provisions were needed concerning the dates of disability and personal injury.

Disablement is defined in that chapter as the event of becoming disabled, which in turn is defined as "the state of being disabled from earning full wages at the work in which the employee was last subject to the conditions resulting in disability".[2]

The concept that entitlement to benefits depends on disablement from earning full wages is expressed in the occupational injury chapter in establishing the rate of benefits.[3] Benefits are payable for general disability "[w]hile the incapacity for work resulting [from] the injury" is total[4] or partial.[5]

Whether plaintiff's incapacity is compensable as an occupational disease or disablement or as an occupational injury, she was not entitled to benefits until her condition incapacitated her for work.

KAVANAGH, C. J., and WILLIAMS and RYAN, JJ., concurred with LEVIN, J.

LINDEMER, J. *(concurring)*. The application by appellant for leave to appeal is considered and in

manded for further hearing and findings, stating that an occupational disease can be the cause of the disability even though it is aggravated by an accident or by subsequent work conditions or by both.

[2] 1948 CL 417.1, 417.2; now MCLA 418.401, 418.411; MSA 17.237(401), 17.237(411).

[3] These provisions are also made applicable to claims for occupational disease or disablement, MCLA 418.401–418.441; MSA 17.237(401)–17.237(441).

[4] MCLA 418.351; MSA 17.237(351).

[5] MCLA 418.361; MSA 17.237(361).

lieu of leave to appeal under GCR 1963, 853.2(4), the case is remanded to the Workmen's Compensation Appeal Board for further proceedings in accordance with this opinion.

Plaintiff was first employed by defendant corporation in 1952. She sustained a personal injury on March 9, 1959, when she fell on her back in the plant. Her subsequent jobs all involved bending, stretching and lifting, and she experienced increasing amounts of back pain until she was laid off for *economic reasons* on April 30, 1971. Plaintiff drew unemployment compensation for about a year thereafter. In July of 1972, plaintiff consulted a physician about severe pains she was having in her legs. Her petition for workmen's compensation benefits was filed in September of 1972. The hearing referee found total disability and ordered benefits to be paid from April 30, 1971, the last day worked. The appeal board affirmed and the Court of Appeals denied leave. We issue this opinion because our review of the record leads us to believe that the hearing referee and the Workmen's Compensation Appeal Board may have misunderstood the law.

The date of injury is set by statute.

"Time of injury or date of injury as used in this act in the case of a disease or in the case of an injury not attributable to a single event shall be the last day of work in the employment in which the employee was last subjected to the conditions resulting in disability". MCLA 418.301; MSA 17.237(301).

The date of disablement is determined by another statute, which reads:

"For the purposes of this chapter [occupational diseases] the date of disablement shall be such date as the

hearing referee may determine on the hearing of the claim." MCLA 418.425; MSA 17.237(425).

The Legislature has not provided for awards for partial occupational disease disabilities; an employee who is partially incapacitated by an occupational disease but who remains capable of earning full wages at the work at which he was employed when last subjected to the conditions resulting in that disability is not entitled to receive workmen's compensation benefits. In determining the date of disability, the hearing referee must apply the appropriate test of disability, *i.e.,* whether the employee is able to earn full wages at the work in which the employee was employed when last subjected to the conditions resulting in disability. In some cases, the date of injury (last day worked) coincides with the date of disablement. However, this need not always occur. See *Joslin v Campbell, Wyant & Cannon Foundry Co,* 359 Mich 420; 102 NW2d 584 (1960).

The hearing referee set the date of disablement as April 30, 1971 (the last day of work). The WCAB affirmed that decision but did not discuss the date of disability but only the date of injury. It appears from the record that plaintiff was laid off for reasons unrelated to her health. She received unemployment compensation benefits for about a year after the layoff. The WCAB said:

"Concerning her back condition at that time, plaintiff said—'That's the first year I was off I was fine I wasn't —it wasn't giving me any trouble then.' She said she could have worked until July, 1972, when she 'started with awful bad pains in my right hip and I went to the doctor with it.' "

We find nothing in the record to support a finding

that as of April 30, 1971, plaintiff met the test of disability. Rather, it appears that the hearing referee selected the date of disablement by applying the test for date of injury contained in MCLA 418.301; MSA 17.237(301). The terms "date of injury" and "date of disablement" are different and the methods of selecting each cannot be interchanged.

We remand this case to the Workmen's Compensation Appeal Board for finding of fact as to the date of disablement.

COLEMAN and FITZGERALD, JJ., concurred with LINDEMER, J.