## MOISIO v YOUNGSTOWN MINES CORPORATION

Docket No. 60030. Decided July 17, 1978. On application by plaintiff for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals and reinstated the order of the Workmen's Compensation Appeal Board.

The issue in this case is the meaning of "the date of the personal injury" which determines the applicability of the $10,500 limit on workmen's compensation for dust diseases which was repealed for injuries which occurred after May 1, 1966 by 1965 PA 44.

Moses Moisio worked for Youngstown Mines Corporation until November 7, 1955. He died of work-related silicosis on July 6, 1967, and Youngstown paid his widow, plaintiff Hilda E. Moisio, benefits up to the former $10,500 statutory limit. The Workmen's Compensation Appeal Board subsequently awarded the plaintiff further benefits and ordered defendant Silicosis and Dust Disease Fund to reimburse defendants Youngstown and Pickands Mather and Company for the additional compensation paid. The Court of Appeals, R. M. Maher, P.J., and M. F. Cavanagh and D. F. Walsh, JJ., in a memorandum opinion, reversed the order on the ground that the plaintiff's benefits should have been computed as of the last day of work in 1955 rather than as of May, 1967, which was the date of disablement found by the Workmen's Compensation Appeal Board (Docket No. 28140). Plaintiff appeals. *Held:*

The term "date of personal injury" as used in the amendment of the Worker's Disability Compensation Act removing the limitation of $10,500 on workers' compensation for dust diseases means the date of disablement, rather than the last day of work. The Court adopts the opinion of Justice Williams in *Welch v Westran Corp,* 395 Mich 169; 235 NW2d 545 (1975). Therefore, the $10,500 limit on compensation for dust diseases does not apply where the date of disablement is found to be after May 1, 1966.

The judgment of the Court of Appeals is reversed and the order of the Workmen's Compensation Appeal Board is reinstated.

Justice Ryan, joined by Justices Coleman and Fitzgerald,

dissenting, wrote that the definition of "date of injury" for disease in part II, § 1 of the statute as the last day of work in the employment in which the employee was last subjected to the conditions resulting in disability or death more clearly and consistently represents the definition the Legislature intended to apply in determining whether or not the injury occurred after May 1, 1966, than does the date of disablement in part VII, § 2. They would adopt the opinion of Justice Lindemer in *Welch v Westran Corp*, 395 Mich 169; 235 NW2d 545 (1975).

*Santini, Jacobs, McDonald & Silc, P.C.* (by *William C. Merchant*), for plaintiff.

*Charles M. Humphrey, Jr.*, for defendants Youngstown Mines Corporation and Pickands Mather and Company.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, and *Richard F. Zapala*, Assistant Attorney General, for defendant Silicosis and Dust Disease Fund.

WILLIAMS, J. We confront the issue which evenly split us in *Welch v Westran Corp*, 395 Mich 169; 235 NW2d 545 (1975): did the Legislature intend the last day of work or the date of disablement to represent date of personal injury when it removed the $10,500 ceiling for workmen's compensation due to silicosis or other dust disease, "in cases of all claims in which the date of the personal injury occurs later than May 1, 1966".[1]

----

[1] Workmen's Compensation Act, part VII, § 4 provided:

"Compensation shall not be payable for partial disability due to silicosis or other dust disease. In the event of temporary or permanent total disability or death from silicosis or other dust disease, notwithstanding any other provisions of this act, compensation shall be payable under this part to employees or to their dependents in the following manner and amounts: If disablement or death occurred during the first calendar month in which Act No. 61 of the Public Acts of 1937 became effective not exceeding the sum of $600.00; if disablement or death occurred during the second calendar month after such act became effective not exceeding the sum of $700.00;

The instant plaintiff's decedent worked for defendant Youngstown until November 7, 1955. He died from work-connected silicosis on July 6, 1967, and Youngstown paid plaintiff benefits up to the preamendment statutory limit. Plaintiff sought and received further benefits. The Workmen's Compensation Appeal Board affirmed and ordered the dust disease fund to reimburse Youngstown for compensation in excess of the old ceiling. The Court of Appeals held that the 1955 last work day rather than a May, 1967 disablement date constituted the appropriate date of personal injury under the workmen's compensation law.

Three members of the *Welch* Court considered the last work day as provided in Part II, § 1[2] to represent the date of personal injury under the amendment. It was reasoned that this definition was the latter legislative pronouncement and the amendment which listed the $10,500 ceiling

thereafter the total compensation and benefits payable for disability and death shall increase at the rate of $100.00 each calendar month. The aggregate amount payable shall be determined by the total amount payable in the month in which disablement or death occurs. In no event shall such compensation exceed an aggregate total of $10,500.00: Provided, That rights accruing prior to the effective date of this amendatory act shall be preserved and governed by the provisions of this section prior to the effective date of this amendatory act: Provided, That where silicosis or other dust disease were first made compensable by Act No. 245 of the Public Acts of 1943, then in such instances the graduated benefit provision of this section shall begin to apply to disability or death resulting from such diseases as of the effective date of such act." MCLA 417.4; MSA 17.223.

1965 PA 44 added subsection (a) to the above:

"This section shall not apply in cases of all claims in which the date of personal injury occurs later than May 1, 1966, and all such claims shall be governed by other provisions of this act."

[2] Part II, § 1, reads in part:

"The term 'time of injury' or 'date of injury' as used in this act shall in the case of a disease or in the case of an injury not attributable to a single event be the last day of work in the employment in which the employee was last subjected to the conditions resulting in disability or death." MCLA 412.1; MSA 17.151, now MCLA 418.301; MSA 17.237(301).

"followed by several years the ruling of this Court in *Joslin v Campbell, Wyant & Cannon Foundry Co,* 359 Mich 420; 102 NW2d 584 (1960). That case emphasized the distinctions between the terms 'date of disablement' and 'date of injury'. In 1965 the Legislature chose to use the specific terms 'date of personal injury' in removing the limitation.

"To agree with the plaintiff would require one to disregard *Joslin* and assume that the Legislature did not mean what it said." 395 Mich 169, 174.

Moreover, the Legislature was not attempting a "subtle definition" of date of injury under Part VII, § 2.[3] Any disparity brought about by the definition should be changed by the Legislature and not the Court.

An equal number of justices felt that the date of disablement applied in determining whether an injured employee or dependent would escape the $10,500 recovery limit of Part VII, § 4 of the workmen's compensation law. The WILLIAMS opinion, written for these members, could find no reason why Part VII, § 4a should be determined by the definition in Part II. Indeed, the opinion presents several arguments against utilization of Part II. Part VII, § 4(a) "relates to the accrual of rights, not to the computation of compensation". The *Joslin* Court confronted the question of injury time as it relates to compensation computation and ruled time of injury was the last day of work under Part II, § 1. The instant question whether a party is free of the $10,500 ceiling relates to when rights accrue, a distinction recognized in *Joslin*.

---

[3] Part VII, § 2 reads:

"The disablement of an employe resulting from such disease or disability shall be treated as the happening of a personal injury within the meaning of this act and the procedure and practice provided in this act shall apply to all proceedings under this part, except where specifically otherwise provided herein." MCLA 417.2; MSA 17.221, now MCLA 418.411; MSA 17.237(411).

The proximity of the disablement date section to the section which removes the ceiling was further evidence against the Part II, § 1 last day of work definition. Finally, the very section within Part VII which contains the $10,500 limit uses the term "disablement" as the criterion for establishing amounts an employee would be entitled to up to the limit. Absent a clear contrary indication from the Legislature, the Court should not be more restrictive in defining the class of employees permitted to avoid the recovery limit.

We are persuaded that date of disablement as provided in Part VII, § 2 constitutes a reasonable construction of the definition to be applied in determining date of personal injury under Part VII, § 4 and more justly reflects the intent of the Legislature. We therefore adopt the WILLIAMS opinion in *Welch,* and, in lieu of granting leave to appeal, reverse the judgment of the Court of Appeals and reinstate the Workmen's Compensation Appeal Board order.

KAVANAGH, C.J., and LEVIN and BLAIR MOODY, JR., JJ., concurred with WILLIAMS, J.

RYAN, J. *(dissenting).* We dissent because we are convinced that the language contained in Part II, § 1, of the Worker's Disability Compensation Act, MCLA 412.1; MSA 17.151, now MCLA 418.301; MSA 17.237(301), that "[t]he term 'time of injury' or 'date of injury' as used in this act shall in the case of a disease * * * be the last day of work in the employment in which the employee was last subjected to the conditions resulting in disability or death", more clearly and consistently represents the definition intended by the Legislature to apply in determining whether or not date of injury took place after May 1, 1966 than date of disable-

ment as provided in Part VII, § 2, MCLA 417.2; MSA 17.221, now MCLA 418.411; MSA 17.237(411). We therefore adopt the opinion of Justice Lindemer in *Welch v Westran Corp,* 395 Mich 169; 235 NW2d 545 (1975), and, in lieu of granting leave to appeal, would affirm the Court of Appeals decision denying plaintiff benefits in excess of the statutorily imposed limitations.

Coleman and Fitzgerald, JJ., concurred with Ryan, J.