JORDON v. MICHIGAN MALLEABLE IRON COMPANY.

1. WORKMEN'S COMPENSATION—SILICOSIS—ACCRUAL OF RIGHTS—
   NOTICE—WEEKLY BENEFITS—DEPENDENTS.
   The "date of disablement" from silicosis determines when rights
   to workmen's compensation accrue, when notice must be given,
   and when the claim must be filed, while "time of injury"
   determines the amount of weekly benefits to be paid to the
   extent such benefits depend upon an employee's dependency
   status and his average weekly wage (CLS 1956, §§ 412.1,
   412.15; CL 1948, § 417.2).

2. SAME—MOLDER—SILICOSIS.
   Finding of referee that plaintiff who had worked as a molder
   at defendant company's foundry had related his silicosis to
   his employment with such defendant although the employment
   had terminated some 14 years before claim for workmen's
   compensation was filed *held*, sustained by record presented.

3. SAME—MOLDER—GARBAGE COLLECTOR—FINDING OF REFEREE—
   FAILURE TO APPEAL.
   Finding of referee of workmen's compensation department that
   arthritic condition of plaintiff who had formerly worked in
   defendant company's foundry as a molder was neither caused
   nor made worse by conditions of employment with defendant
   city as garbage or rubbish collector and failure to appeal to
   the workmen's compensation appeal board from such finding
   *held*, to have resulted in the city not being a proper party to
   the appeal, there being no issue before the Supreme Court
   relating to the city.

4. COSTS—PUBLIC QUESTION—MOLDER—GARBAGE COLLECTOR.
   No costs are allowed plaintiff employee in his proceeding against
   2 employers, where cause is remanded for determination of

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation § 409.
[2, 3] 58 Am Jur, Workmen's Compensation §§ 209, 245, 252.
[4] 58 Am Jur, Workmen's Compensation § 543.

amount of workmen's compensation obtainable from owner of foundry in which he had worked as a molder but relief is denied as to city for which he had later worked as a garbage and rubbish collector, a question of public importance being involved.

Appeal from Workmen's Compensation Appeal Board. Submitted April 5, 1961. (Docket No. 7, Calendar No. 48,849.) Decided June 28, 1961.

George Jordon presented his claim against Michigan Malleable Iron Company, foundry employer, and Michigan Mutual Liability Company, insurer, and against the City of Detroit, Department of Public Works, employer, for compensation because of occupational lung injury and aggravation thereof. Award to plaintiff against Michigan Malleable Iron Company and its insurer, who appeal. Remanded for redetermination of award based on dependency status and average weekly wage on last day of exposure in defendant company's employ.

*S. Gerard Conklin,* for plaintiff.

*E. R. Whinham, Jr.,* for defendants Michigan Malleable Iron Company and Michigan Mutual Liability Company.

*Nathaniel H. Goldstick,* Corporation Counsel, and *John D. O'Hair,* Assistant Corporation Counsel, for defendant City of Detroit.

Smith, J. The facts in this case are not in substantial dispute. They were stated by the appeal board as follows:

"Plaintiff, George Jordon, has been married to and has lived with his wife, Alice Rosella, since 1942. They have 3 dependent children.

"From March of 1925 until the middle of 1937, George Jordon was employed by Michigan Malleable Iron Company. He was laid off in 1937 and went to work for the city of Detroit in the garbage collection department. In 1941 he took an essential job with National Bronze Company doing molding. He then went back and worked for the city until 1943 when he was recalled to work by Michigan Malleable Iron Company. He worked from November, 1943, until May of 1944. He left this job in 1944 because he did not make enough money. He asked for a different job and brought in a medical certificate to support his request and the company laid him off.

"In 1944 he returned to work for the city of Detroit and he worked as a rubbish collector or a garbage collector until July of 1954. He had difficulty doing the lifting and the walking that was required on this job so at his request he was transferred to the department of public works where he worked as a janitor in the garage until December of 1956.

"Plaintiff testified that in August of 1946 he went to Receiving Hospital for treatment of his arthritis. The doctors there sent him to Herman Kiefer Hospital because of some suspicious pathology in his lung.

"Shortly thereafter he was told that he had silicosis. He went to Dr. Fowler and had a thorough examination. Dr. Fowler told him he had silicosis but there wasn't anything to worry about because it was not active.

"He began to notice that he was short of breath upon exertion in 1956. He developed a cough when he attempted to do labor work; he would have to catch his breath. He asked for a change to the job of a whitewing but it was refused.

"The testimony shows that he did not know that it was the silicosis that was causing his cough and shortness of breath until he went to see his lawyer, Mr. Conklin, in November of 1958. Mr. Conklin obtained the medical reports from Herman Kiefer Hospital that showed that he had silicosis.

"He testified that it was Mr. Conklin that first informed him, when he talked with Mr. Conklin, that he had an idea that the silicosis was causing his cough and shortness of breath.

"The facts show that he has lung pathology that is comparable to the diagnosis of silicosis. He has about 13 years of exposure to dust. He first developed his disabling symptoms in the fall of 1956. He first knew the cause of his disabling symptoms in November of 1958."

Upon such facts the appeal board determined that notice and claim had been properly given and made; *Finch* v. *Ford Motor Co.*, 321 Mich 469, and awarded compensation based upon the law in effect on December 15, 1956, referred to by the board as the date of disablement.

Defendants and appellants first urge upon us that the appeal board has misconstrued the law with respect to the limitations imposed by section 15 of part 2 of the act,[1] pointing out that more than 14 years had elapsed since the "date of injury" and hence that the action was not timely prosecuted.

The problem here presented is caused by the time lag sometimes occurring in occupational disease cases between the date of the injury and the date of disablement. This was examined by us in the recent case of *Joslin* v. *Campbell, Wyant & Cannon Foundry Co.*, 359 Mich 420. We there held in part as follows (pp 427, 428):

"Under part 2 of the act, rights to compensation accrue upon the happening of a personal injury, but in occupational disease cases under part 7 of the act, it is frequently impossible to determine with precision when the personal injury (see section 1 [c] of part 7,[2] which defines 'personal injury' to include disease) occurs. Further, if rights to compensation

---

[1] CLS 1956, § 412.15 (Stat Ann 1960 Rev § 17.165).
[2] CL 1948, § 417.1 (Stat Ann 1960 Rev § 17.220).—REPORTER.

in occupational disease cases accrued upon the happening of the personal injury, the statutory time limitations for giving notice and filing claim would frequently expire before disablement occurred, thereby defeating the very purpose of the act. By section 2 of part 7,[3] the legislature avoided this result. That section provides:

" 'The disablement of an employee resulting from such disease or disability shall be treated as the happening of a personal injury within the meaning of this act and the procedure and practice provided in this act shall apply to all proceedings under this part except where specifically otherwise provided herein.'   CL 1948, § 417.2 (Stat Ann 1950 Rev § 17.221).

"It is significant that the term 'happening of a personal injury', or its equivalent, is found elsewhere in the act only in section 15 of part 2, which sets forth the time limitations within which notice of injury must be given the employer and within which claim for compensation therefor must be made.

"By enactment of section 2, part 7, the legislature provided that rights to compensation in occupational disease cases under part 7 shall accrue upon disablement in the same manner as such rights in personal injury cases under part 2 accrue at the time of injury. This Court frequently has held that such rights do accrue upon disablement, and that the statutory time limitations for giving notice and filing claim therefor commence as of the date of disablement, *Johnston* v. *Commerce Pattern Foundry Machine Co.*, 326 Mich 300; *Baughman* v. *Vicker's, Inc.*, 323 Mich 710; *Gerlesits* v. *Lakey Foundry & Machine Co.*, 319 Mich 229; and *Mosier* v. *Marshall Furnace Co.*, 318 Mich 113.

"The foregoing interpretations of parts 2 and 7 of the act give meaning to all sections thereof. Thus, 'date of disablement' determines when rights accrue, when notice must be given, and when claim must be filed, while 'time of injury' determines the

---

[3] CL 1948, § 417.2 (Stat Ann 1960 Rev § 17.221).—REPORTER.

amount of weekly compensation benefits to be paid to the extent such benefits depend upon an employee's dependency status and his average weekly wage."

It is clear from the foregoing that the construction contended for by appellants fails to harmonize section 15 of part 2 with the remaining sections of the act and must, therefore, be rejected. It would be utterly futile, for example, to authorize a claimant to make a claim (the limitation upon making which runs from the date of disablement[4]) for an injury for which recovery might even then be barred by limitations, since more than 3 years might have elapsed from the date of the injury as determined in section 1 of part 2,[5] namely, "the last day of work in the employment in which the employee was last subjected to the conditions resulting in disability or death." With respect to the foregoing, we note in passing, appellants urge that it is "simply not believable" that plaintiff did not relate his silicosis to his employment until 1958. The referee, however, upon conflicting testimony, found otherwise, which finding was left undisturbed by the appeal board. We are not persuaded that it was in error.

Appellants argue, also, relying upon the *Joslin Case, supra,* that the "date of the injury", as defined in section 1 of part 2, determines not only the dependency status of the claimant, but also his average weekly wage and compensation rate. In this they are correct and we need not in support thereof do more than cite the *Joslin Case.* In that case, upon an exhaustive analysis of the various applicable provisions of the legislation actually before us, we concluded, in part (p 428), that, despite the anomalous disparity thus created between the victims of occupational diseases and other injured workmen, the

---

[4] *Joslin* v. *Campbell, Wyant & Cannon Foundry Co., supra.*
[5] CLS 1956, § 412.1 (Stat Ann 1960 Rev § 17.151).

act permitted no conclusion other than that the " 'time of injury' determines the amount of weekly compensation benefits to be paid to the extent such benefits depend upon an employee's dependency status and his average weekly wage."

With respect to the asserted liability of the city of Detroit, the hearing referee held that "plaintiff's arthritic problem was neither caused nor made worse by the conditions of his employment by the defendant" (city of Detroit, department of public works) and that "the above named employee did not receive a personal injury arising out of and in the course of his employment by the above named employer in December, 1956." No appeal was taken to the appeal board from these findings and conclusions by the referee. Moreover, the appeal board's modification of the referee's award in no manner disturbed these findings, thereby impliedly approving them to the degree, if any, that they were considered. Under these circumstances the city of Detroit is not a proper party to this appeal, and there is no issue before us relating to the city of Detroit.[6]

The case is remanded to the appeal board for further proceedings not inconsistent herewith. A question of public concern being involved, no costs will be allowed.

DETHMERS, C. J., and CARR, KELLY, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.

[6] See CL 1948, § 413.12 (Stat Ann 1960 Rev § 17.186).