WILLIAMS *v.* CHRYSLER CORPORATION

1. WORKMEN'S COMPENSATION — NOTICE OF INJURY — FINDINGS OF FACT — WORKMEN'S COMPENSATION APPEAL BOARD.

    The determination whether an employer had notice of a compensable injury under the workmen's compensation act is a question of fact for the Workmen's Compensation Appeal Board (MCLA § 412.15).

2. WORKMEN'S COMPENSATION—FINDINGS OF FACT—NOTICE OF INJURY—EVIDENCE.

    The Workmen's Compensation Appeal Board's finding that defendant employer did not have notice that a compensable injury had occurred was supported by the evidence where the deceased employee, while climbing up a snowbank on his employer's

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Workmen's Compensation § 375 *et seq.*

property to get to work, fell backwards on a public street and was run over by a truck, the only evidence of notice was the employee's widow's testimony that she had a conversation with her husband's foreman at the funeral home about her husband's death but she could not remember whether she had told the foreman where her husband was killed, she had never asked anybody at the employer's corporation about workmen's compensation, and she was unaware that workmen's compensation benefits might accrue to her because of her husband's death (MCLA § 412.15).

Appeal from the Workmen's Compensation Appeal Board. Submitted Division 1 December 16, 1970, at Detroit. (Docket No. 6870.) Decided January 18, 1971. Leave to appeal denied May 7, 1971. 384 Mich 837.

Aline Williams presented a claim for workmen's compensation against Chrysler Corporation for the death of her husband, Ernest Williams. Benefits denied. Plaintiff appeals. Affirmed.

*LeVasseur, Werner, Mitseff & Brown* (by *John D. Lichty*), for plaintiff.

*Lacey & Jones* (by *E. R. Whinham, Jr.,* and *F. L. Sylvester*), for defendant.

Before: V. E. BRENNAN, P. J., and J. H. GILLIS and JEANNETTE,* JJ.

JEANNETTE, J. Plaintiff appeals from a decision of the Workmen's Compensation Appeal Board which reversed the hearing referee's award in favor of plaintiff. This appeal, having originally been denied by this Court, is considered on remand from the Michigan Supreme Court for determination as

---

* Circuit judge, sitting on the Court of Appeals by assignment.

on a grant by this Court of application for leave to appeal.

On March 3, 1960, Ernest Williams drove to work at Chrysler's Plymouth Assembly Plant on Mt. Elliott in Detroit. After parking his car on a side street, decedent walked across Mt. Elliott and climbed up on a snowbank on Chrysler property from which he fell back onto the street and was run over by a truck. As a result of the injuries he died the following day.

On May 26, 1965, five years later, the widow filed her claim for compensation benefits. The hearing referee determined that decedent had suffered a compensable injury and was entitled to benefits. Pursuant to defendant's appeal, the Workmen's Compensation Appeal Board reversed the referee's finding. The appeal board rule that plaintiff had not given notice of injury or made a claim for compensation within the statutory time period as required by MCLA § 412.15 (Stat Ann 1968 Rev § 17.165).

On appeal to this Court plaintiff contends that the time for making a claim for compensation was tolled by the fact that the employer had timely notice of the injury as required by statute and department rule 408.31 and failed to file a notice of dispute required by rule 408.33.[1]

Quoting from the appeal board opinion:

"The only evidence presented relating to the employer's notice or knowledge that injury occurred which would require them to file appropriate forms with the Workmen's Compensation Department consisted of plaintiff's testimony relative to what she claims was told her husband's foreman when he visited the funeral home after death occurred."

---

[1] See the text of these rules in *Thomas* v. *Griffin Wheel Company* (1967), 8 Mich App 35, 43, fn 7.

The appeal board then reviewed the testimony of plaintiff as to her conversation with her husband's foreman. Plaintiff was not sure she had told the foreman where her husband was killed. She was sure that she had never specifically asked anybody from the Chrysler Corporation for workmen's compensation benefits. The plaintiff was unaware that benefits might accrue to her on account of her husband's death. Finally, the appeal board concludes:

"It cannot reasonably be said from the proofs presented that defendant received notice or had knowledge that an injury which arose out of and in the course of employment had occurred to the deceased employee, nor was such an injury alleged which defendant disputed, which should have been reported to the department. The proofs presented do not justify our holding that defendant had notice or knowledge of an injury which they should have reported to the Workmen's Compensation Department, and having failed to do so tolled the statutory requirement that plaintiff made claim for compensation within six months after the death of her husband. In our opinion section 15 Part II bars a proceeding for compensation at this late date. The order of the referee is reversed and held for naught. Plaintiff's application for hearing is hereby dismissed."

The determination of whether the employer had notice of a compensable injury is a question of fact for the board. *West* v. *Northern Tree Company* (1961), 365 Mich 402; *Banks* v. *Packard Motor Car Company* (1950), 328 Mich 513; *Clark* v. *Apex Foundry, Inc.* (1967), 7 Mich App 684. Review by an appellate court of a factual determination made by the Workmen's Compensation Appeal Board is limited to an inquiry whether there is any evidence whatever to support the determination of the appeal

board. *Clark* v. *Apex Foundry, Inc., supra;* Const 1963, art 6, § 28.

Although notice to the foreman is notice to the corporation, *Banks* v. *Packard Motor Car Company, supra,* the evidence in this case supports the appeal board's finding of no notice of compensable injury to Chrysler Corporation.

Affirmed.

All concurred.