BACON *v.* PENN-DIXIE CORPORATION

1. WORKMEN'S COMPENSATION—NOTICE OF INJURY—FINDINGS OF FACT.

    The determination whether an employer had notice of an injury compensable under The Workmen's Compensation Act is a question of fact for the Workmen's Compensation Appeal Board (MCLA § 412.15).

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation §§ 386, 461.
[2] 58 Am Jur, Workmen's Compensation § 530.
[3] 58 Am Jur, Workmen's Compensation § 386.
[4] 58 Am Jur, Workmen's Compensation § 380.

2. WORKMEN'S COMPENSATION—APPEAL BOARD—APPEAL AND ERROR.

    Review of a decision of the Workmen's Compensation Appeal Board is limited to an inquiry whether there is any evidence whatever to support the determination of the appeal board; the appeal board's decision will be overturned only when it is contrary to law or not supported by competent, material, and substantial evidence on the whole record (MCLA § 413.12).

3. WORKMEN'S COMPENSATION—NOTICE OF INJURY—EMPLOYER'S KNOWLEDGE.

    Workmen's Compensation Appeal Board's decision that a claimant's employer could not have had knowledge of the claimant's injury was supported by the evidence where claimant, who worked in a hot and dusty area, suffered a heart attack while at home, the employee did not file for benefits until one and one-fourth years after the heart attack, and claimant, while recuperating, was paid insurance benefits from his employer group insurance plan.

4. WORKMEN'S COMPENSATION—STATUTE OF LIMITATIONS—DATE OF INJURY—KNOWLEDGE OF DISEASE.

    The date of injury or the date a workmen's compensation claimant learns he is suffering from a disease is the date the statutory period begins to run for filing a notice of a claim; a claimant has a duty to give notice of the injury or disease on the date of injury or when he learns he is suffering from a disease, not when he learns the injury could possibly be work-related (MCLA § 412.5).

Appeal from the Workmen's Compensation Appeal Board. Submitted Division 2 June 9, 1971, at Grand Rapids. (Docket No. 7997.) Decided July 23, 1971. Leave to appeal denied, 386 Mich 760.

John Bacon presented his claim for workmen's compensation against Penn-Dixie Corporation. Compensation denied. Plaintiff appeals. Affirmed.

*Thomas, Saunders & Gualtieri,* for plaintiff.

*Clark, Stroup, Brown & MacKenzie,* for defendant.

Before: R. B. BURNS, P. J., and FITZGERALD and J. H. GILLIS, JJ.

R. B. BURNS, P. J.   Plaintiff was employed by the defendant as a separator-operator.   His job, located in an area which was hot and extremely dusty, was to operate a machine which ground cement prior to its storage.

On July 3, 1965, plaintiff suffered a heart attack while at home and pursuant to the advice of his doctor did not return to work for a period of six months.   Plaintiff was paid insurance benefits through the defendant's group insurance plan.

Plaintiff did not file for workmen's compensation benefits until 1-1/4 years after his heart attack when he was advised by another employee that he might be eligible for workmen's compensation benefits.

The Workmen's Compensation Appeal Board found that plaintiff did not give defendant notice of his heart attack and that under the circumstances the defendant could not have had knowledge of a probable claim.

On appeal the plaintiff claims the circumstances were such that defendant should have had knowledge that plaintiff's heart attack was possibly work-related.   Plaintiff also claims the Workmen's Compensation Act does not bar an injured employee's claim where the employee does not have knowledge that his injury could be work-related.

The appeal board found that defendant did not possess sufficient knowledge of the circumstances surrounding the heart attack to require an investigation as to whether the attack was work-related. The statute of limitations for filing notice was not tolled and, therefore, the period had expired before plaintiff filed his claim.

"The determination of whether the employer had notice of a compensable injury is a question of fact for the board." *Williams* v. *Chrysler Corporation* (1971), 29 Mich App 398, 401; *West* v. *Northern Tree Company* (1961), 365 Mich 402; *Coates* v. *Continental Motors Corporation* (1964), 373 Mich 461; *Hendrickson* v. *Arthur G. McKee Company* (1967), 6 Mich App 104.

As was recently stated in *Williams, supra,* pp 401, 402, this Court's review of decisions of the Workmen's Compensation Appeal Board is limited to an inquiry of "whether there is any evidence whatever to support the determination of the appeal board". The decision of the appeal board will be overturned only when it is contrary to law or not supported by competent, material, and substantial evidence on the whole record. MCLA § 413.12 (Stat Ann 1968 Rev § 17.186).

A review of the record in this case reveals adequate evidence to support the appeal board's determination of fact; therefore the statute of limitations was not tolled.

Plaintiff cites *Finch* v. *Ford Motor Company* (1948), 321 Mich 469, and *Jordon* v. *Michigan Malleable Iron Company* (1961), 363 Mich 256, in support of his claim that his ignorance as to the work-relatedness of his injury excused his failure to give defendant notice of injury as required by statute.

In *Finch* and *Jordon* the claimants were not aware they were suffering from any disease until after they had received a medical examination, but after acquiring knowledge of the diseases they immediately filed notices within the statutory period. The Supreme Court noted that the claimants could not have filed their notices prior to the examinations because they did not have knowledge they were suffering from a disease, but as soon as they acquired

the knowledge the period for filing started to run.

In the present case the plaintiff had immediate knowledge of his injury so that there was no lack of knowledge of injury which prevented him from filing notice.

The date of injury or the date a claimant learns he is suffering from a disease is the date the statutory period begins to run. *Joslin* v. *Campbell, Wyant & Cannon Foundry Co.* (1960), 359 Mich 420. The claimant has a duty to give notice at this time, not when he learns the injury could possibly be work-related.

Plaintiff argues that his heart attack may have been an occupational disease rather than a personal injury. We need not consider this question since the period of limitations had expired for both a personal injury (MCLA § 412.15 [Stat Ann 1968 Rev § 17.165]),[1] and an occupational disease (MCLA § 412.15 [Stat Ann 1968 Rev § 17.165] and MCLA § 417.10 [Stat Ann 1968 Rev § 17.229]).[2]

We affirm the appeal board's decision.

All concurred.

---

[1] Repealed and replaced by PA 1969, No 317, § 898.
[2] *Id.*