TILLOTSON v PENN-DIXIE CEMENT CORPORATION

1. WORKMEN'S COMPENSATION—NOTICE OF INJURY—QUESTION OF FACT.

The determination of whether an employer had notice of an injury entitling an employee to workmen's compensation benefits is a question of fact for the Workmen's Compensation Appeal Board.

2. WORKMEN'S COMPENSATION—APPEAL BOARD—APPEAL AND ERROR.

A decision of the Workmen's Compensation Appeal Board will be overturned only when it is contrary to law or not supported by competent, material, and substantial evidence on the whole record (MCLA 413.12).

3. WORKMEN'S COMPENSATION—OCCUPATIONAL DISEASE—DISABILITY—WORK RELATIONSHIP—NOTICE—TIME.

The statutory 120-day time period within which a workmen's compensation claimant must give notice to his employer of his claim for an occupational disease runs when the employee has knowledge or reasonable grounds for knowledge of the disability and when he discovers or by reasonable diligence could discover that the disability may be work-related (MCLA 417.10).

Appeal from Workmen's Compensation Appeal Board. Submitted Division 3 April 5, 1973, at Detroit. (Docket No. 14300.) Decided May 24, 1973. Leave to appeal denied, 390 Mich 767.

Roy N. Tillotson presented his claim for workmen's compensation benefits against Penn-Dixie Cement Corporation. Benefits awarded. Defendant appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation § 383.
[2] 58 Am Jur, Workmen's Compensation § 530.
[3] 58 Am Jur, Workmen's Compensation § 380.

*Rothe, Marston, Mazey, Sachs, O'Connell, Nunn & Freid, P. C.,* for plaintiff.

*Clark, Stroup, Brown & MacKenzie,* for defendant.

Before: V. J. BRENNAN, P. J., and DANHOF and BASHARA, JJ.

BASHARA, J. Plaintiff was employed by defendant from September 20, 1926 to January 3, 1969. He had worked in an atmosphere which exposed him to cement dust and fumes.

Some time in 1962, plaintiff noticed that he was becoming short of breath. This shortness of breath gradually worsened until January 3, 1969, when he found that he was unable to work. Hospitalization ensued and the breathing ailment was diagnosed as being bronchial asthma, pulmonary congestion, and emphysema. Plaintiff did not return to work after his discharge from the hospital and was granted medical retirement, which became effective August 3, 1969.

Dr. Alm, who had treated plaintiff at the hospital, indicated on an insurance form that the disability was not caused by his employment. However, in October, 1969, when plaintiff discussed his case at a union meeting, he became aware that his disability may have been occupational in origin. Plaintiff filed a petition for hearing with the Workmen's Compensation Department on October 31, 1969, in which he alleged that his long-term exposure to cement dust had caused his disability. The hearing referee determined that plaintiff was disabled because of the inhalation of dust in the course of his employment. Both parties appealed to the Workmen's Compensation Appeal Board. Plaintiff appealed only as to the rate of compensa-

tion which was ordered. Defendant contended that plaintiff was .not disabled as a result of an occupational disease, and that notice and claim were not timely made.

The Appeal Board unanimously agreed that plaintiff was disabled but only a narrow majority held that plaintiff had given timely notice and made a proper claim. From this determination, defendant appeals.

The sole issue raised on this appeal is whether plaintiff gave timely notice and made proper claim under the Workmen's Compensation Act. Since the board found that plaintiff was suffering from an occupational disease, the pertinent statutory provision with regard to notice, is MCLA 417.10; MSA 17.229 which provides:

"Sec. 10. The requirements as to notice as to occupational disease and death resulting therefrom and the requirements as to the bringing of proceedings for compensation for disability or death resulting from such occupational disease shall be the same as required in section 15 of part 2 of this act, except that the notice shall be given to the employer within 120 days after the disablement."

Section 15 of Part II of the statute provides in pertinent part as follows:

"Sec. 15. No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury shall have been given to the employer * * * and unless the claim for compensation with respect to such injury, which claim may be either oral or in writing, shall have been made within 6 months after the occurence of the same * * * ."

Defendant contends that notice must be given when the injured employee becomes aware of his disablement. Plaintiff counters this argument by

contending that not only must the employee know he is disabled, but that he must be aware that his disablement is work-related before the statutory period begins to run.

At the outset it must be noted that the determination of whether the employer had notice of a compensable injury is a question of fact for the board. *Bacon v Penn-Dixie Corp*, 35 Mich App 69 (1971); *Williams v Chrysler Corp*, 29 Mich App 398 (1971); *Coates v Continental Motors Corp*, 373 Mich 461 (1964). The decision of the Workmen's Compensation Appeal Board will be overturned only when it is contrary to law or not supported by competent, material, and substantial evidence on the whole record. MCLA 413.12; MSA 17.186; *Bacon v Penn-Dixie Corp, supra; Williams v Chrysler Corp, supra.*

The courts of this state have interpreted that part of § 10 which states that "notice shall be given to the employer within 120 days after the disablement" to mean the time from which the employee had knowledge or reasonable grounds for knowledge of his disability. *Finch v Ford Motor Co*, 321 Mich 469 (1948); *Jordon v Michigan Malleable Iron Co*, 363 Mich 256 (1961); *Brown v Revere Copper & Brass Corp*, 42 Mich App 143 (1972). The question facing this Court is whether the period in which a claimant must give notice runs from the time that he discovers that the disease is work-related.

The general rule, with regard to this issue, is stated in 3 Larson's Workmen's Compensation Law, § 78.52, p 127 as follows:

"Most courts with statutes dating the limitations period from the injury have found it possible to interpret the statute as running from the time a reasonable

claimant should have known the nature, seriousness and compensable character of his injury or disease."

This principle was applied by the Louisiana Court of Appeals in *Ludlam v International Paper Co,* 139 So 2d 67, 70 (La, 1962), wherein the rule was stated as follows:

"Therefore, an occupational disease does not 'manifest itself' within the purview of LSA–R.S. 23: 1031.1 (D) until the employee has *knowledge of the connection between his disease and his employment.* It follows the prescriptive period in the instant case commenced only from *the date plaintiff became aware of the causality between his employment and his disease."* See also *City of Boulder v Payne,* 162 Colo 345; 426 P2d 194 (1967); *Aetna Casualty and Surety Co v Industrial Commission,* 474 P2d 242 (Colo App, 1970).

This problem is not entirely foreign to this Court. We encountered a similar situation in *Brown v Revere Corp, supra.* In *Brown,* plaintiff was employed by defendant for 38 years until he retired on June 18, 1965. On November 2, 1965, 137 days after his retirement, plaintiff filed for compensation, claiming an occupational disease due to exposure to dust, smoke, and fumes. Defendant claimed that since plaintiff filed his application for hearing and adjustment of claim more than 120 days after his retirement, said claim was not timely. In concluding that the notice and claim was timely, that panel commented:

"We think it not untoward to point out at this time that the occupational disease statute here involved, in its literal wording, presents problems not involved in industrial accident cases.

"An injured workman is painfully aware of the time at which a traumatic industrial injury is sustained. Often he has no way of knowing what the date of his disability from an occupational disease is and hence, when his

120-day period within which to make claim begins to run. Certainly there is nothing sacred about the 'last day worked' date. He may very well know he can't work any longer, but whether his disability is work-related is quite another matter. Realistically, he may not know it at all until someone medically qualified apprises him of work-related casualty.

\* \* \*

"It would indeed take a sophisticated workman to determine, at some given time before medical consultation, or by the exercise of due diligence, which was which. It is for this reason that we hold that in a proper factual setting, the date of commencement of the 120-day period within which the workman has to file his claim may well be the date on which he is medically informed of the work relationship of his disability." *Brown, supra,* at 150-151.

We find ourselves in agreement with the reasoning used by this Court in *Brown, supra.* An occupational disease differs greatly from a single industrial accident. An industrial accident is generally caused by a single event and occurs while the worker is performing the tasks of his employer. An employee will generally realize that he has suffered an injury which was work-related. However, in most cases, an occupational disease will be caused by continuous and prolonged exposure to certain elements which are present in his working environment. Due to the nature of an occupational disease, the symptoms of disablement may not appear until the worker has ceased his employment. This reasoning compels us to hold that in cases of occupational disease, the time period runs when the employee has knowledge or reasonable grounds for knowledge of the disability and when he discovers or by reasonable diligence could discover that this disability may be work-related.

In the instant case, the claimant was suffering

from emphysema which can be caused by a complication of many factors not related to his employment. Thus, we believe the majority of the Workmen's Compensation Appeal Board applied the correct legal standard to the facts present in the instant case.

Defendant relies on *Bacon v Penn-Dixie Corp, supra,* wherein this Court there held that a claimant must give notice on the date of injury or when he discovers that he is suffering from a disease and not when he learns that the injury is work-related. It must be noted that *Bacon* involved a single injury, a heart attack, and not an occupational disease. However, the language in that decision indicates that it should apply to occupational disease as well.

We believe that our decision is the correct interpretation of the statutory provision and in light of this conclusion must disagree with that portion of *Bacon, supra,* which appears to be in conflict.

Applying this rule to the facts present in this case, we hold that the decision of the board was correct. Plaintiff became aware that his disability may have been caused by employment at a meeting in October, 1969. He filed for compensation on October 31, 1969. This was well within the 120-day period.

Affirmed. Costs to plaintiff.

All concurred.