LEWIS v CHRYSLER CORPORATION

Docket No. 55701. Argued January 8, 1975 (Calendar No. 8).—Decided
June 24, 1975.

On February 1, 1966, Leonard Lewis, after a week spent hanging
large fluorescent light fixtures for his employer, Chrysler Cor-
poration, noticed that his feet hurt. They grew worse, and after
blisters developed on his right foot, his right leg was amputated
six inches below the knee because of osteomyelitis on April 19,
1966. Just before the operation, plaintiff with the assistance of
his doctor filed a claim with defendant employer for group
health insurance benefits in which he described the nature of
his problem with his leg, which the doctor certified was non-
occupational. In February, 1967, plaintiff was advised that the
trouble with his leg might have resulted from his employment,
and in April, 1967, plaintiff filed an application for workmen's
compensation benefits for specific loss of the right leg. Plaintiff
was awarded disability payments and benefits for specific loss of
the right leg. The Court of Appeals, J. W. Fitzgerald and
Carland, JJ. (Lesinski, C. J., dissenting), reversed, holding that
plaintiff had failed to give timely notice of the injury to the
employer (Docket No. 15992). Plaintiff appeals. *Held:*

1. The statutory period for notice in the Workmen's Compen-
sation Act, regardless of the type of disability, commences to
run only after the employee has knowledge or reasonable
grounds for knowledge of the disability *and* after he discovers
or by reasonable diligence could have discovered that the
disability may be work-related.

2. The plaintiff here was not lacking in diligence in finding
that his injury was work-related where he was advised by his
physician that the amputation of his leg was not related to his
work, and did not make a claim until about a year later, soon
after he had been advised by his lawyer that the trouble with
his leg might have been work-related.

M. S. Coleman, J., dissented on the ground that it is not

REFERENCES FOR POINTS IN HEADNOTES

[1–6] 58 Am Jur Workmen's Compensation § 380.
Requirement of workmen's compensation act as to notice of acci-
dent or injury. 107 ALR 815 s. 145 ALR 1263.

reasonable to continue tolling the limit in the Workmen's Compensation Act until the employee finally consults an attorney who makes a judgment that the injury may come within the act. In maintaining a reasonable balance between employer and employee, it is not appropriate to extend the employer's responsibility indefinitely while so diminishing the employee's responsibility. In this case the plaintiff had enough facts available to determine that his disability may have been work-related when the amputation followed in rapid succession to the blisters and pain experienced at work.

51 Mich App 723; 216 NW2d 422 (1974) reversed.

*Bacon v Penn-Dixie Corp,* 35 Mich App 69; 192 NW2d 347 (1971), overruled.

OPINION OF THE COURT

1. WORKMEN'S COMPENSATION—DISABILITY—NOTICE—TIME.

The statutory period for notice in the Workmen's Compensation Act, regardless of the type of disability, commences to run only after the employee has knowledge or reasonable grounds for knowledge of the disability *and* after he discovers or by reasonable diligence could have discovered that the disability may be work-related (MCLA 413.381).

2. WORKMEN'S COMPENSATION—INJURY—NOTICE.

The notice requirement of the Workmen's Compensation Act was designed to benefit the employer by providing him the opportunity to investigate the injury while facts are still accessible and to minimize his losses by providing prompt medical treatment as well as to benefit the employee by imposing a duty on the employer to report to the Workmen's Compensation Department which in turn may advise the employee and his dependents of their rights (MCLA 418.381).

3. WORKMEN'S COMPENSATION—DISABILITY—NOTICE.

There is no reason for drawing a distinction between an injury and an occupational disease (except for the time allowed) in construing the notice provisions of the Workmen's Compensation Act (MCLA 418.381, 418.441).

4. WORKMEN'S COMPENSATION—DISABILITY—NOTICE—WORK-RELATED-NESS.

An employee who had suffered an amputation of his leg which was in fact work-related was not lacking in diligence in discovering that his injury was work-related and making a claim for compensation where his physician advised him that the amputation was not work-related, and he made a claim promptly

upon being advised by his lawyer that the amputation might have been work-related (MCLA 418.381).

Dissenting Opinion

M. S. Coleman, J.

5. Workmen's Compensation—Notice—Tolling—Knowledge—Injury.

*To continue tolling the three-month notice requirement of the Workmen's Compensation Act until an employee finally consults an attorney who makes a judgment that an injury may come within the act is not reasonable (MCLA 418.381).*

6. Workmen's Compensation—Disability—Notice.

*A workmen's compensation claimant had enough facts available to determine that his disability may have been work-related where his feet hurt following a full day of work, this continued for several days with the pain increasing and blisters appearing, his doctor lanced a blister and prescribed antibiotics, and he discontinued working due to intense pain in his feet after returning to work for a few days, was admitted to a hospital, and his leg amputated; the claimant should be denied workmen's compensation benefits where all of these events took place within approximately two and one-half months and he did not give notice until a year later, contrary to the Workmen's Compensation Act (MCLA 418.381).*

*Marston, Sachs, O'Connell, Nunn & Fried, P. C.* (by *A. Donald Kadushin),* for plaintiff.

*Lacey & Jones* (by *Hayim I. Gross),* for defendant.

Williams, J. The instant proceeding raises but one issue: whether the plaintiff gave timely notice of the injury to the defendant in accordance with § 381 of the Workmen's Compensation Act.[1] In discussing the issue the parties have addressed themselves to three questions:

(1) Whether the statutory period for notice in § 381 commences to run only after the employee has knowledge or reasonable grounds for knowl-

[1] MCLA 418.381; MSA 17.237(381).

edge of the disability *and* after he discovers or should have discovered that the disability may be work-related, and if the above is true, did plaintiff's application filed with the Bureau of Workmen's Compensation in April 1967 constitute timely notice.

(2) Whether the filing of a group health insurance form with the defendant in which plaintiff described the problem with his legs but indicated that it was not caused by his employment constitutes notice under § 381.

(3) Whether an employee's claim should be barred under § 381 where delay in notice has caused no prejudice to the employer.

As we answer the first question affirmatively, we find it unnecessary to treat the remaining two.

## I —FACTS

Plaintiff, Leonard Lewis, had been an employee of defendant, Chrysler Corporation, since 1953, serving in various capacities before becoming an electrician in December, 1965. On February 1, 1966, after a week spent hanging large fluorescent light fixtures, the plaintiff noticed that his feet hurt and upon arriving home, he soaked them in a solution of Epsom salt and water. The following day he returned to work and continued to hang light fixtures, but his feet became increasingly sore and swollen during the next few days. When the plaintiff discovered blisters on his right foot, he went to a foot specialist, Dr. Murphy, who lanced the blisters and prescribed an antibiotic.

However, plaintiff's condition did not improve. On February 14, 1966 he could no longer work and went to visit a doctor who was treating him for diabetes. Plaintiff was referred to a second doctor,

Dr. Mitchell, who subsequently admitted him to the hospital. On April 19, 1966 plaintiff's right leg was amputated six inches below the knee. The operation was necessitated by advancing osteomyelitis.

Plaintiff was off work for more than a year before returning and presently is employed by the defendant in a sit-down job as an electrician working at a bench.

In March, 1966, just prior to his operation, plaintiff with the assistance of his doctor filed a claim with defendant for group health insurance benefits in which he described the nature of his problem with his leg but which the doctor certified was non-occupational. Apparently, plaintiff did not become aware that the trouble with his right leg might have resulted from his employment until February, 1967, when he was advised of the possibility by an attorney he had gone to see on other, unrelated matters.

In April, 1967 plaintiff filed an application with the bureau for benefits for specific loss of the right leg. A hearing was commenced in August, 1969 and on March 2, 1970 the hearing referee awarded the plaintiff disability payments plus benefits for specific loss of the right leg. The appeal board affirmed the referee's decision on November 27, 1972 but the Court of Appeals, finding that plaintiff had failed to give timely notice, reversed the appeal board decision by a two-to-one vote on March 5, 1974. 51 Mich App 723; 216 NW2d 422. We granted leave on June 28, 1974. 392 Mich 768.

II —THE STATUTE

Section 381(1) sets forth the requirements for notice in proceedings maintained under the Work-

men's Compensation Act for work-related injuries. This section provides:

"No proceedings for compensation for an injury under this act shall be maintained, unless a notice of the injury has been given to the employer within 3 months after the happening thereof and unless the claim for compensation with respect to the injury, which claim may be either oral or in writing, has been made within 6 months after the occurrence of the same; or in case of the death of the employee, within 12 months after death; or in the event of his physical or mental incapacity, within the first 6 months during which the injured employee is not physically or mentally incapacitated from making a claim. In a case in which the employee has been given notice of the injury, or has notice or knowledge of the same within 3 months after the happening thereof, but the actual injury, disability or incapacity does not develop or make itself apparent within 6 months after the happening of the injury, but does develop and make itself apparent at some date subsequent to 6 months after the happening of the same, claim for compensation may be made within 3 months after the actual injury, disability or incapacity develops or makes itself apparent to the injured employee, but no such claim shall be valid or effectual for any purpose unless made within 3 years from the date the personal injury was sustained. Any time during which an injured employee shall be prevented by reason of his physical or mental incapacity from making a claim shall not be construed to be any part of the 6 months' limitation mentioned in this section. In a case in which the employer has been given notice of the happening of the injury or has notice or knowledge of the happening of the accident within 3 months after the happening of the same, and fails, neglects or refuses to report the injury to the bureau as required by the provisions of this act, the statute of limitations shall not run against the claim of the injured employee or his dependents, or in favor of the employer or his insurer, until a report of the injury has been filed with the bureau."

### III —CONSTRUING THE STATUTE

Justice M. S. COLEMAN, speaking for a unanimous Court in *Norris v Chrysler Corp,* 391 Mich 469; 216 NW2d 783 (1974), ably and perceptively discussed the purposes of notice requirements under the act. In brief the notice requirement was designed to benefit the employer by providing him the opportunity to investigate the injury while facts are still accessible and to minimize his losses by providing prompt medical treatment as well as to benefit the employee by imposing a duty on the employer to report to the Workmen's Compensation Bureau which in turn may advise the employee and his dependents of their rights. *Norris, supra,* 474–476.

In construing the notice provisions of the Workmen's Compensation Act, this Court has attempted to strike a balance; on the one hand insuring that the interests of the employer are protected while on the other hand insuring that the employee is not held to unreasonably rigid requirements which would make compliance in some cases a virtual impossibility. Thus, in *Finch v Ford Motor Co,* 321 Mich 469; 32 NW2d 712 (1948), this Court held that the statutory period for notice was tolled until such time as the injured employee had or should have had knowledge of his disability. The Court unanimously held that:

"[if] we were to hold that notice must be given at a time when the injured employee had no knowledge, or reason to have knowledge, of the existent diseased condition, then we will be effectively denying him the benefit of the statute. We are of the opinion that what the legislature meant when it prescribed that notice of an occupational disease must be given to the employer within 120 days after the disablement was that notice

must be given within such. time after the injured employee has knowledge or reasonable ground for knowledge of his disability. The plaintiff gave such timely notice herein." *Finch, supra,* 476.

See also *Jordon v Michigan Malleable Iron Co,* 363 Mich 256, 261; 109 NW2d 832 (1961).

### IV —KNOWLEDGE DISABILITY WORK-RELATED

The instant case is not one in which the employee lacked knowledge of his disability, but rather one in which he was unaware that his injury was work-related. However, it would be no less unreasonable to require notice when the employee lacked knowledge that his injury was of a compensable character than when he lacked knowledge of the disability itself.

The general rule, as set forth in 3 Larson's Workmen's Compensation, recognizes this principle:

"The time period for notice or claim does not begin to run until the claimant, as a reasonable man, should recognize the nature, seriousness and *probable compensable character of his injury* or disease." (Emphasis added.) (Footnote omitted.) § 78.41, p 47.

Courts in Michigan, as well, have concluded that the notice period may not run during that time in which the employee lacked the knowledge that his disability was work-related. *Brown v Revere Copper & Brass Corp,* 42 Mich App 143; 201 NW2d 326 (1972); *Tillotson v Penn-Dixie Cement Corp,* 47 Mich App 427; 209 NW2d 611 (1973).

Judge BASHARA, speaking for the Court in *Tillotson,* at once captured the spirit of our decisions in *Finch, supra,* and *Jordon, supra,* and the intent of

the Legislature when he set forth the following test:

"[T]he time period runs when the employee has knowledge or reasonable grounds for knowledge of the disability and when he discovers or by reasonable diligence could discover that this disability may be work-related." 47 Mich App 427, 432.

This test, cast in fairness and reason, is one which we would be hard pressed to improve upon. However, we see no reason to restrict such a rule to cases involving only occupational diseases vis-a-vis personal injuries.

Any preoccupation with drawing an artificial line between "personal injuries" and occupational diseases for notice requirement purposes ignores the fact that many disabilities result from a combination of factors—some properly characterized as injuries and others as diseases. The instant case provides a telling illustration. Plaintiff seeks compensation for loss of his right leg (injury) which became necessary due to an advanced case of osteomyelitis (disease) which apparently was precipitated in part by the blister on his foot (injury).[2]

---

[2] Testimony of Dr. Raymond F. Lipton:

"*Q. (By Mr. Kadushin):* Doctor, there's been some testimony today that this man's condition, which required amputation, was based on advancing osteomyelitis. Can you tell us what osteomyelitis is?

"*A.* Osteomyelitis is an infection of the bone. I presume in this particular case, the osteomyelitis was in the foot and most likely it had its beginning in the area of the infected blister because the bone is close to the skin area in that place, and an osteomyelitis can be set up by transference of infection from a skin sore directly down to the bone.

"*Q.* Very well, I think maybe you have answered it, but I will ask you again: Assume the cause of the amputation was indeed osteomyelitis, can you give me an opinion as to the relationship between the blister and the osteomyelitis?

"*A.* Yes, I have answered it, but where the blisters or sore in the skin is close to the bone, it is very easy for such an infection to transfer down to the bone area and thus infect the bone. In other

Although the plaintiff's disability must be classified as a personal injury, the relationship between the blister and the amputation is not readily apparent. We cannot expect a layman to recognize such a connection which amounts to a complex diagnosis which only a trained physician would be competent to make. Finally, in personal injury cases there is a built-in protection against overreaching because in most such cases where the injury is clearly work-related it will be more difficult for an employee to establish that he did not have knowledge that the injury was work-related.

Consequently, the test to be applied to the notice provision under the Workmen's Compensation Act, regardless of the type of disability, is that the statutory period of notice commences to run *only after:*

(1) the employee has knowledge or reasonable grounds for knowledge of this disability; and

(2) the employee has discovered or by reasonable diligence could discover that his disability may be work-related.[3]

Defendant concedes that the notice period should not begin to run prior to the time the "workman knows of his disability and its alleged connection of his employment". However, it argues that the plaintiff was in possession of all the operative facts in April 1966 when he sustained the amputation that he possessed in April 1967

---

parts, such as in a thigh where the skin is quite away from the bone, it can also transfer, but usually takes a much longer period of time."

[3] We do not here decide but leave open the possibility that a third condition must be met before the notice period commences to run, *i.e.,* that the employee has knowledge or by reasonable diligence could discover the severity of his injury. Such a rule would free the employee from reporting every minor ache and pain to insure his rights to workmen's compensation are protected. See 3 Larson's Workmen's Compensation, § 78.41, pp 67–69.

when he filed his claim and consequently there is no justification for the delay in notice. The appeal board found against the defendant on this factual issue.

Defendant overlooks one very basic point: it is one thing to be in possession of all the facts and quite another to comprehend the complex interrelation of those facts. Plaintiff testified that he did not suspect that his disability was work-related until the possibility was suggested to him by an attorney. Upon learning of the possibility he promptly filed a claim. We have already discussed the fact that the amputation of plaintiff's right leg resulted from a complex series of occurrences which we could not expect a layman to fully comprehend. Still under the test announced here today a worker has the responsibility through due diligence to attempt to discover the relation of the disability to his employment. The record supports the conclusion that the defendant exercised diligence to discover whether his injury was work-related. He actively sought medical advice and treatment, and *was advised by his doctor* that the injury was in fact not related to his work.[4] Having been advised by a competent physician that the injury was not work-related, plaintiff so notified his employer and did not pursue further the matter of the medical causation. The appeal board noted that the defendant's trained employees likewise failed to recognize the possibility that plaintiff's injury was in fact work-related. Under these circumstances the appeal board did not err in finding that defendant received timely notice.

This conclusion corresponds to the rule set forth in Larson's Workmen's Compensation:

---

[4] Uncontradicted testimony was received that the plaintiff's personal physician assisted the plaintiff in completing a Sickness and Accident form submitted to the employer in which the doctor certified that the injury was not work-related.

"The claimant need not necessarily have positive medical information linking his condition to the employment if he has sufficient information from any source to put him on notice. If, however, the claimant has consulted a doctor, and if he has been told by the employer's physician, or even by his own personal physician, that his injury is non-industrial, he should not be expected or encouraged to overrule his medical advisors and file a claim anyway." (Footnotes omitted.) § 78.41, p 70.

## V —CONCLUSION

Plaintiff, upon learning that his disability may have been work-related, promptly filed his claim with the Workmen's Compensation Bureau; the statute in this situation demands no more of a disabled worker. The Court of Appeals decision which would deny plaintiff compensation is reversed and *Bacon v Penn-Dixie Corp,* 35 Mich App 69; 192 NW2d 397 (1971), relied upon by the Court of Appeals in this case, is overruled to the extent it is inconsistent with this opinion. The decision of the appeal board is affirmed for the reasons set forth in this opinion. Costs to plaintiff.

T. G. KAVANAGH, C. J., and LEVIN, J., concurred with WILLIAMS, J.

M. S. COLEMAN, J. *(dissent).* The majority goes too far. It is not reasonable to extend the employer's responsibility to the point of infinity and to open wide the door to abuse.

While it has been found reasonable to toll the statute until the employee has or should have knowledge of the injury, it is not reasonable to continue tolling the limit until the employee finally consults an attorney who makes a judgment that the injury may come within the act.

Although the Workmen's Compensation Act requires that notice be given within three months of

the "happening" of the injury, this Court has held that the time limit is tolled until the employee has or should have knowledge of the disability.[1] (Plaintiff knew of the ultimate disability within two and one-half months of the original incident.)

Thus, it is clear that the act's notice provision has been subject to other than literal interpretation. The reason for this is said to be a balancing of interests between employer and employee—the employer needs protection from stale claims while the employee should not be required to give notice until he knows that he has an injury.

The employer's responsibility is heightened by the *Jordon* and *Finch* decisions, fn 1. In maintaining a reasonable balance between employer and employee, it is not appropriate to extend the employer's responsibility indefinitely while so diminishing the employee's responsibility. The majority opens a dangerous hole in the act's notice provision. While the instant case involved a delay of approximately 1 year, there is no reason why a plaintiff in the next case could not wait 5, 10 or 20 years before finally seeing an attorney and suddenly "realizing" that his injury may be connected to his work.

The imposition of responsibility upon the employee for reporting known injuries is not an overwhelming burden. Even accepting the formula of the majority, it seems that plaintiff had enough facts available to determine that his disability *may have been work-related.* On February 1, 1966, plaintiff's feet hurt following a full day of work, and he soaked them in the evening. This continued for several days, with the pain increasing and

---

[1] *Jordon v Michigan Malleable Iron Co,* 363 Mich 256; 109 NW2d 832 (1961); *Finch v Ford Motor Co,* 321 Mich 469; 32 NW2d 712 (1948).

blisters appearing. Plaintiff's doctor lanced a blister and prescribed antibiotics. After returning to work for a few days, plaintiff discontinued working due to intense pain in his feet. He was admitted to a hospital in April and the amputation occurred on April 19, 1966. All of these events took place within approximately two and one-half months— from foot pain and blisters in early February to an amputation in April. Plaintiff remains fully employed by defendant.

Certainly the employee would then have the burden of taking the initiative to report the injury within the time limit. All statutes of limitations have this effect. Today, workmen's compensation is a fact of general knowledge, and the employee can reasonably be expected to report any injuries from the point where knowledge of injury arises.

The Court of Appeals correctly distinguished the instant facts from the unique occupational disease rationale used in *Tillotson v Penn-Dixie Cement Corp,* 47 Mich App 427; 209 NW2d 611 (1973), and *Brown v Revere Copper & Brass Corp,* 42 Mich App 143; 201 NW2d 326 (1972). The cases are inapposite.

Here, plaintiff sustained a recognizable injury which he now claims resulted from work-related activities. The amputation followed in rapid succession to the blisters and pain experienced at work. Plaintiff returned to work wearing a prosthesis and continues to receive full wages.

This is appropriately treated as a single injury occurring at work and not prolonged debilitating occupational disease. Plaintiff could reasonably be expected to realize the possible relation of his injury to work.

I would not extend defendant's liability infinite-

ly, sans notice of injury, and contrary to controlling legislation and common law.

SWAINSON, J. W. FITZGERALD, and LINDEMER, JJ., took no part in the decision of this case.