SCHOPPE *v.* CALUMET & HECLA, INC.

DISSENTING OPINION.

DETHMERS, KELLY, and BLACK, JJ.

1. WORKMEN'S COMPENSATION—SILICOSIS OR DUST DISEASE—TOTAL DISABILITY—LIMIT OF LIABILITY.

> *The workmen's compensation act limits recovery in event of temporary or permanent total disability or death from silicosis or other dust disease to an aggregate total of $10,500 (CLS 1961, § 417.4).*

2. SAME—FINDINGS OF FACT—SUPPORT IN THE RECORD—APPEAL AND ERROR.

> *Findings of fact by the workmen's compensation referee or appeal board will not be disturbed by the Supreme Court where there is competent testimony in the record and allegations in plaintiff's application for compensation to support the findings (CL 1948, § 413.12).*

3. SAME—OCCUPATIONAL DISEASE—DISABILITY—CAUSAL RELATIONSHIP—DUST DISEASE—LIMIT OF RECOVERY.

> *Section of the workmen's compensation act, providing that where disability from cause not compensable is aggravated by an occupational disease, only such portion of full compensation is to be paid which the occupational disease contributed as a causative factor to the disability, does not apply where there was no occupational disease but merely an occupational exposure to dust which aggravated a pre-existing noncompensable cause; thus, where the record supports the finding that the cause of disability was dust disease, no compensation beyond the statutory limit of $10,500 may be awarded (CL 1948, §§ 417.4, 417.8).*

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4] 58 Am Jur, Workmen's Compensation §§ 252, 283.
[3] 58 Am Jur, Workmen's Compensation §§ 252, 530, 532, 534.

4. WORKMEN'S COMPENSATION—DUST DISEASE—EVIDENCE—LIMITA-
   TION.

> Evidence presented in miner's proceeding to recover workmen's
> compensation for permanent and total disability from pulmo-
> nary emphysema, bronchitis, asthma, and related pulmonary
> and cardiovascular disorders *held*, to support finding that
> disability was due to dust disease but record requires remand
> for further proofs to determine whether the dust disease was
> a dust disease posing a threat to the industry comparable to
> silicosis, phthisis, or pneumoconiosis for which the compensa-
> tion was limited by statute to $10,500 (CL 1948, § 417.4, as
> amended by PA 1965, No 44).

Appeal from Workmen's Compensation Appeal
Board. Submitted February 5, 1969. (Calendar No.
11, Docket No. 51,942.) Decided September 3, 1969.

Karl H. Schoppe, after receiving $10,602.67 from
Calumet & Hecla, Inc., under the workmen's com-
pensation act for occupational disability sought ad-
ditional compensation after payments terminated.
Workmen's Compensation Department denied fur-
ther compensation. Plaintiff appealed to the Work-
men's Compensation Appeal Board. Affirmed.
Plaintiff's application for leave to appeal to the
Court of Appeals denied. Plaintiff appeals. Re-
manded for the taking of proofs.

*Wisti, Jaaskelainen & Schrock,* for plaintiff.

*McLean & Healy,* for defendant.

DETHMERS, J. (*dissenting*): Is plaintiff's total dis-
ability due to dust disease so that it is subject to
the $10,500 limitation of liability provisions of part
7, § 4, of the workmen's compensation act (CLS
1961, § 417.4 [Stat Ann 1960 Rev § 17.223])? The
hearing referee so found. This finding was affirmed

by the workmen's compensation appeal board and
plaintiff's application for leave to appeal therefrom
was denied by the Court of Appeals. The cause is
now here on leave to appeal granted to plaintiff by
this Court. 380 Mich 762.

Plaintiff's claim, as stated in his brief here, is
that he "is permanently and totally disabled by pul-
monary emphysema, bronchitis, asthma, and related
pulmonary and cardiovascular disorders". He first
filed application for hearing and compensation on
October 12, 1961, alleging that he became disabled
from an occupational disease of the lungs on March
21, 1961, and that the disablement occurred in de-
fendant's employ in its No. 4 Ahmeek mine while
"mining underground which caused a lot of dust,
fog, cold, damp, and a lot of oil fumes and smoke
from machines". Defendant voluntarily accepted the
claim, and plaintiff's application was dismissed on
January 12, 1962, because defendant was paying
compensation. On June 30, 1966, defendant stopped
payment for the reason that it had then paid in
excess of $10,500 which it claimed was the limit on
its liability under the workmen's compensation act.

On July 28, 1966, plaintiff, seeking further com-
pensation, again filed an application, claiming that
he became disabled on or about March 20, 1961, from
causes existing while he was employed in defendant's
Osceola mine. The nature of the disability was now
described in this application as "extrinsic asthma,
bronchitis, chronic intrapulmonary emphysema and
right heart strain". In this application plaintiff al-
leged that the disability was caused by "fumes,
dampness, cold and smoky conditions in the mine".
At the hearing defendant claimed the disability was
due to dust disease and plaintiff claimed that it was
not.

The factual background of plaintiff's employment, work, exposure to possible disability causes, and his disability are as follows: Plaintiff had a record of doing dusty work in a glass factory, in a salt mine, and in other mines for previous employers. Then plaintiff worked in defendant's Ahmeek mine No. 3, where work was dusty, from 1947 to 1959. He began to have some breathing difficulty in 1958 and was treated by a doctor for moderately severe pulmonary emphysema and extrinsic asthma which did not then incapacitate him from work. In January, 1960, he was transferred to defendant's Osceola No. 13 mine and continued there until June 19, 1960, when he went on the inactive rolls. It is plaintiff's claim that here his work was at a far deeper level, where it was much damper and colder and less dusty than it had been in Ahmeek No. 3, and that it was in Osceola that the development of his disability occurred. On December 19, 1960, plaintiff returned to work and, at his request, was transferred to Ahmeek No. 4 mine where he worked until his last day of work on March 21, 1961. There conditions were more like those in Ahmeek No. 3.

Medical testimony about the diseases causing plaintiff's disability was that they could be caused by exposure to dust, as well as by dampness and cold which could have an aggravating influence on pre-existing conditions. The parties are agreed that plaintiff's disability is due to causes and conditions characteristic of and peculiar to the business of defendant and did arise out of and in the course of his employment by defendant.

The pertinent portion of the above cited part 7, § 4, of the workmen's compensation act reads as follows:

"In the event of temporary or permanent total disability or death from silicosis or other dust disease * * * compensation shall be payable under

this part to employees * * * in the following * * * amounts: * * * In no event shall such compensation exceed an aggregate total of $10,500."

Consideration of the above statutory language gives rise to the fact question whether plaintiff's disability was from dust disease. The referee and appeal board found that it was. As above noted, there is competent testimony in the record as well as allegations in plaintiff's application to support the finding. When supported by evidence we do not disturb such finding. *Mitchell* v. *Metal Assemblies, Inc.* (1967), 379 Mich 368; *Coates* v. *Continental Motors Corp.* (1964), 373 Mich 461. That is the mandate of the statute. CL 1948, § 413.12 (Stat Ann 1968 Rev § 17.186).

Plaintiff seeks, however, to avoid this as a mere factual controversy ruled by the last above cited statute, and to make it a question of law, covered by *Clarkson* v. *Lufkin Rule Company* (1962), 367 Mich 19. Involved in *Clarkson* was the apportionment provision of part 7, § 8, of the compensation act— CL 1948, § 417.8 (Stat Ann 1968 Rev § 17.227), which provides that where disability from causes not compensable is aggravated by an occupational disease, that proportion of full compensation shall be paid which the occupational disease contributed as a causative factor to the disability. We held that it had no application to a situation in which it was not an occupational disease but rather an occupational exposure to dust which aggravated a pre-existing noncompensable cause. Under part 7, § 4, there is no problem of aggravation of a noncompensable pre-existing cause for the disability by an occupational disease, and apportionment of liability for compensation on the basis of extent of causation of the disability by the 2 causes. Instead, the problem here is whether the cause of the disability,

regardless of whether it be the original disease or the aggravated condition, was dust disease. The record supports the finding that it was.

The award should be affirmed. Costs to defendant.

Kelly and Black, JJ., concurred with Dethmers, J.

T. G. Kavanagh, J. The record contains evidence which will support the finding that the disability here was induced by exposure to dust and hence was a dust disease. Whether or not it was a dust disease, compensation for which is limited by part 7, § 4,* depends on the determination that such disease was silicosis, phthisis, pneumoconiosis, or other dust disease posing a threat to the industry comparable to silicosis, phthisis, or pneumoconiosis. See *Felcoskie* v. *Lakey Foundry Corporation* (1969), 382 Mich 438.

Remanded for the taking of proofs.

No costs.

T. E. Brennan, C. J., and T. M. Kavanagh and Adams, JJ. concurred with T. G. Kavanagh, J.

---

* CLS 1961, § 417.4 (Stat Ann 1960 Rev § 17.223).—Reporter.