JONES v DOUGLAS & LOMASON

1. WORKMEN'S COMPENSATION—NOTICE OF INJURY—TIMELINESS OF NO-
   TICE—FINDINGS OF FACT—APPEAL BOARD—EVIDENCE—APPEAL
   AND ERROR.

   The determination whether notice of an injury was given to the
   employer by the injured employee within three months after
   the happening thereof as required by the Workmen's Compen-
   sation Act is a question of fact for the appeal board; where the
   board impliedly found that the notice provision had been
   complied with, the Court of Appeals must affirm such a finding
   if it is supported by any evidence (MCLA 412.15).

2. WORKMEN'S COMPENSATION—NOTICE OF INJURY—TIMELINESS OF NO-
   TICE—NOTICE TO FOREMAN—NOTICE OF HOSPITALIZATION—EVI-
   DENCE.

   An injured employee gave timely notice of his injury to his
   employer as required by the Workmen's Compensation Act
   where the employee's uncontradicted testimony indicates that
   he informed the company foreman of a back injury minutes
   after its occurrence, because notice to the foreman is notice to
   the employer and sufficient to meet the demands of the statute,
   and where the company received word within the statutory
   time limit that the injured employee had been treated and
   hospitalized for a back injury and that a hemilaminectomy had
   been performed (MCLA 412.15).

Appeal from the Workmen's Compensation Ap-
peal Board. Submitted Division 1 June 5, 1974, at
Detroit. (Docket No. 18177.) Decided August 28,
1974.

Claim by Joseph Jones against Douglas & Loma-
son and Michigan Mutual Liability Company for
workmen's compensation benefits. Benefits

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Workmen's Compensation § 375 *et seq.*

granted. Defendants appeal on leave granted. Affirmed.

*Seymour Beitner,* for plaintiff.

*LeVasseur, Werner, Mitseff & Brown* (by *Lawrence D. Egan),* for defendants.

Before: BRONSON, P. J., and J. H. GILLIS and VAN VALKENBURG,* JJ.

PER CURIAM. This is an appeal by defendant Douglas & Lomason from the Michigan Workmen's Compensation Appeal Board's affirmance of a referee's award of benefits to plaintiff-appellee Jones. The findings that Jones was injured and that his injury was compensable under the Workmen's Compensation Act are not contested here. The sole issue presented for review is whether "notice of the injury [was] given to the employer within 3 months after the happening thereof".[1]

The determination of that issue is a question of fact for the appeal board. *See Williams v Chrysler Corp,* 29 Mich App 398, 401; 185 NW2d 403, 404 (1971), and cases cited therein. The appeal board held that "[t]he defendant's defenses of failure of notice is *[sic]* not well taken". The board thus impliedly found that the notice provision had been complied with. Accordingly, we must affirm this finding if it is supported by any evidence. *Fergus v Chrysler Corp,* 45 Mich App 196, 199; 206 NW2d 521, 522 (1973), *rev'd on other grounds,* 389 Mich 811 (1973); *Williams v Chrysler Corp, supra.*

There is ample evidence in the record to satisfy

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] MCLA 412.15; MSA 17.165, now identically MCLA 418.381; MSA 17.237(381).

this narrow standard of review. Jones' uncontradicted testimony indicates that he informed the company foreman of a back injury minutes after its occurrence. Notice to the foreman is notice to the employer and sufficient to meet the demands of MCLA 418.381; MSA 17.237(381). *Norris v Chrysler Corp,* 391 Mich 469, 476; 216 NW2d 783 (1974); *Banks v Packard Motor Car Co,* 328 Mich 513; 44 NW2d 166 (1950); *West v Northern Tree Co,* 365 Mich 402; 112 NW2d 423 (1961). Moreover, Douglas & Lomason received word within the statutory time limit that Jones had been treated and hospitalized for a back injury and that a hemilaminectomy had been performed. Such information, in addition to the notice given the foreman, was ample to make Douglas & Lomason "aware that an injury has been sustained". *Norris, supra,* at p 477.

The opinion of the appeal board is affirmed.

Affirmed. Costs to appellee.