FOSTER v CITY OF DETROIT

1. Workmen's Compensation—Workmen's Compensation Appeal
   Board—Findings—Appeal and Error.

   Appellate review of the findings of the Workmen's Compensation
   Appeal Board is highly limited; their findings must be affirmed
   in the absence of fraud if there is any evidence to support them
   (Const 1963, art 6, § 28; MCLA 418.861).

2. Workmen's Compensation—Workmen's Compensation Appeal
   Board—Appeal and Error—Trial De Novo.

   An appeal from a referee to the appeal board in a workmen's
   compensation case constitutes a trial *de novo*.

3. Workmen's Compensation—Occupational Diseases—Payment of
   Compensation—Last Employer.

   The total compensation due an employee for a compensable
   occupational disease shall be recoverable from the employer
   who last employed the employee in the employment to the
   nature of which the disease was due and in which it was
   contracted (MCLA 417.9).

Appeal from the Workmen's Compensation Appeal Board. Submitted Division 1 June 5, 1974, at Detroit. (Docket No. 17694.) Decided November 26, 1974. Leave to appeal denied, 393 Mich —.

Claim by Willie Foster against the City of Detroit for workmen's compensation. Grant of compensation reversed by the Workmen's Compensation Appeal Board. Plaintiff applied for leave to

References for Points in Headnotes

[1] 58 Am Jur, Workmen's Compensation § 530.
[2] 58 Am Jur, Workmen's Compensation § 538.
[3] 58 Am Jur, Workmen's Compensation § 246.
   Disease resulting from insanitary conditions not peculiar to kind of
   employment as occupational disease within Workmen's Compensation Act. 105 ALR 1411.

appeal. Denied. Plaintiff appealed to the Supreme Court. Reversed and remanded to the Court of Appeals for consideration of the merits. Affirmed.

*Gittleman, Paskel, Tashman & Thomas, P. C.,* for plaintiff.

*Robert Reese,* Corporation Counsel, and *Cornel Smith* and *Thomas L. Walters,* Assistants Corporation Counsel, for defendant.

Before: BRONSON, P. J., and J. H. GILLIS and VAN VALKENBURG,* JJ.

J. H. GILLIS, J. Plaintiff was first employed by the defendant City of Detroit in 1954. Before his employment with the defendant, plaintiff had a varied work history consisting of odd jobs primarily in construction. He had worked six months at Ford Motor Company in 1946, seven months at the Tank Arsenal in 1946 and 1947, and worked seven years with Chrysler Corporation from 1947 to 1954. All of these various jobs exposed plaintiff to polluted atmospheres. The above information is taken from plaintiff's statement of facts.

While working for the City of Detroit in the sanitation department, his fingers became frostbitten in 1962, which caused plaintiff to have four fingers amputated. Plaintiff received voluntary payments for his time off as a result of the injury to the fingers and additionally received the statutory specific loss payments for the amputation. In 1965 plaintiff became disabled as a result of a lung condition diagnosed as emphysema and bronchitis.

Plaintiff filed a claim against the City of Detroit alleging the industrial loss of use of both hands

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

and total disability as a result of the emphysema and bronchitis. The referee made specific findings, which are set forth in the footnote below.[1]

The defendant City of Detroit appealed the referee's decision to the appeal board. On the hearing

---

[1] "IT IS FURTHER ORDERED that, and I FURTHER FIND that the injury of October 8, 1965 was due to lung disease from dust and other irritants from said employment as provided in Part VII of the Workmen's Compensation Act and not due to any injury on October 8, 1965 to said employee's hands and fingers. I also find that there was still some disability (total disability in the field of common labor and for work he did on January 10, 1962) and impairment of function from his injury of January 10, 1962, to his hands but that the lung disease is totally disabling by itself and was the primary reason for his compensable lost time after October 8, 1965.

"I FURTHER FIND that the above named employee did receive a personal injury arising out of and in the course of his employment by the above named employer on January 10, 1962, and, as of said date of injury, said employee had an average weekly wage of $90.40 in unskilled labor and had no dependents but I find defendant has paid all the compensation said employee is entitled to receive for said injury as shown by their Form 102 dated April 3, 1964 (4-1/2 weeks general disability and 109 weeks specific loss for amputation on February 13, 1962 of first (index), second and fourth (little) fingers of right hand and third finger of left hand for reasons given above.

"I ALSO FIND that said employee did receive injuries to his fingers arising out of and in the course of his employment by the above named employer on February 17, 1958, July 31, 1962, January 29, 1963 and March 21, 1963 and, as of said dates of injuries, said employee had average weekly wages of $82.00, $90.40, $92.40 and $92.40 respectively, in unskilled labor, and had no dependents but the proofs do not show any compensable lost time resulting from any of such injuries either because of no proof of lost time resulting therefrom or because he was receiving compensation for specific losses resulting from a [sic] injury of January 10, 1962 during time lost or for both reasons and I find that none of these injuries were significant reasons for his compensable lost time after October 8, 1965.

"I ALSO FIND that plaintiff did not sustain the burden of proving permanent and total disability due to the permanent and total loss of industrial use of both hands from any of the aforesaid injuries and therefore, defendant, Second Injury Fund, has no liability herein.

"I ALSO FIND that the lung disease which is the primary cause of disability and compensable lost time after October 8, 1965 was emphysema and bronchitis and therefore the aggregate limitation of $10,500.00 does not apply because of lack of proofs in accord with the Supreme Court's holding in the Felcoskie [Felcoskie v Lakey Foundry Corp, 382 Mich 438; 170 NW2d 129 (1969)], and Schoppe [Schoppe v Calumet & Hecla, Inc, 382 Mich 450; 170 NW2d 134 (1969)], cases * * * ".

before the appeal board the question of the industrial loss of use of hands was not cross-appealed by the plaintiff and both parties addressed themselves to the question of plaintiff's disability because of lung disease.

The appeal board in an unanimous decision stated that they agreed with the referee that plaintiff was not entitled on the record to compensation for total and permanent disability for loss of industrial use of both hands. They further stated that the testimony of the plaintiff himself establishes that he was using both hands in his work for the city up to and including his last day worked. The appeal board further found:

"Seven years of foundry work and plaintiff's smoking seem the most probable cause of plaintiff's lung condition. We do not find that proofs establish that the nature of plaintiff's employment with the City of Detroit aggravated and exacerbated it beyond what exposure to atmospheric pollutants in everyday living and the normal progression of the disease would effect.

"Plaintiff's only exposure to possible pollutants, other than those to which all are commonly exposed in daily life, was in a relatively short period of work, a year to a year and a half, beginning in 1964 when, plaintiff testified, he worked on a 'chipper' crew for the City. The chipper was a machine on wheels which ground up brush, tree limbs, etc., as plaintiff and fellow workers fed them into the device which then spewed the chips into a truck. Testimony in the record indicates that the truck was covered. Plaintiff testified that dust from the chips in the atmosphere bothered his breathing."

The appeal board made a specific finding that the plaintiff's proofs did not establish that the nature of plaintiff's employment with the City of Detroit aggravated and exacerbated his pulmonary condition beyond what exposure to atmospheric

pollutants in everyday living and the normal progression of the pulmonary disease would effect.

Plaintiff appeals from the order of the Workmen's Compensation Appeal Board reversing the referee's award of compensation. His brief raises two issues. In the first issue plaintiff accepts the findings of the referee as it relates to the condition of the plaintiff's hands, but plaintiff contends that the findings of the referee were that there was a disability from the field of common labor because of impairment to the plaintiff's hands and also due to plaintiff's lung disease. He, therefore, alleges that there was total disability on two levels. The referee at another point in his findings stated that plaintiff did not sustain the burden of proving permanent and total disability due to the permanent and total loss of industrial use of both hands.

In view of the fact that we are not reviewing the referee's findings but are reviewing the findings of the appeal board in a *de novo* proceeding, we need not determine whether or not the referee found that there was total disability arising out of two separate physical conditions.

The following is clear from this record: 1) The referee found that none of the injuries to plaintiff's hands caused any compensable lost time after October 1965. 2) Plaintiff did not sustain the burden of proving permanent and total disability due to the permanent and total loss of industrial use of both hands. 3) Plaintiff did not cross-appeal the above findings to the appeal board. 4) Before the appeal board each of the parties hereto addressed themselves to the question of plaintiff's disability arising out of the lung disease and apparently accepted the referee's findings on the issue of loss of industrial use of the hands.

We agree with the appeal board that from this

record plaintiff has not established any compensable lost time arising out of the injuries to his hands other than that which has already been paid to the plaintiff.

Our opinion, therefore, is directed towards the second issue presented by plaintiff, which we would phrase as follows: Was there any support in the record for the findings of fact made by the appeal board? We recognize that our review of the Workmen's Compensation Appeal Board is highly limited under Const 1963, art 6, § 28. We must affirm their findings, in the absence of fraud, if there is "any evidence" to support them. MCLA 418.861; MSA 17.237(861). *Jones v Douglas & Lomason,* 55 Mich App 323, 324; 222 NW2d 229 (1974).

The appeal from the referee to the appeal board constitutes a trial *de novo. Pulley v Detroit Engineering & Machine Co,* 378 Mich 418; 145 NW2d 40 (1966). Although repetitious, we again state we are reviewing the appeal board and not the referee; in our review we are required to follow those limitations on our review expressly set forth in the Constitution, statute and case law. It is clear from this record that the appeal board expressly found that plaintiff did not establish any disability arising out of his employment for which he had not previously been awarded compensation as it related to the alleged industrial loss of use of his hands. Indeed, plaintiff's own testimony amply supports this finding.

The proper test for determining whether a given employer is responsible for payment of workmen's compensation benefits, assuming *arguendo* a compensable injury, is stated in MCLA 417.9; MSA 17.228:[2]

---

[2] Now MCLA 418.435; MSA 17.237(435).

"The total compensation due shall be recoverable from the employer who last employed the employee in the employment to the nature of which the disease was due and in which it was contracted."

It is clear that the appeal board properly applied this standard in denying benefits in this case. The board explained its position as follows:

"We do not find that proofs establish that the *nature of plaintiff's employment with the City of Detroit* aggravated and exacerbated it beyond what exposure to atmospheric pollutants in everyday living and the normal progression of the disease would effect." (Emphasis supplied.)

And again:

" * * * the proofs do not establish that the *nature of plaintiff's employment with the City of Detroit* aggravated and exacerbated his pulmonary condition beyond what exposure to atmospheric pollutants in everyday living and the normal progression of the pulmonary disease would effect." (Emphasis supplied.)

Such language could not much more plainly satisfy the requirement that the board determine whether the conditions of employment were in the nature of the conditions found in the employment in which the disease was contracted and from which the disease was caused. See *Aseltine v Leto Construction Co,* 43 Mich App 559; 204 NW2d 262 (1972).

Based on this record, the finding of the appeal board to the effect that the plaintiff's proofs did not establish that plaintiff's employment with the City of Detroit aggravated and exacerbated his pulmonary condition must be affirmed.

In conclusion, we might reiterate what our Supreme Court stated in *Thornton v Luria-Dumes*

*Co-Venture*, 347 Mich 160, 162–163; 79 NW2d 457, 458 (1956):

"Our jurisdiction, invoked upon issuance and return of certiorari to the workmen's compensation department, is markedly limited. The writ brings us questions of law only. It does not permit scale-weight of evidence and inference here, as on appeals from circuit court judgments, to determine whether administrative findings of fact offend rules governing clear weight and preponderance. Our obligation is to accept, without question, findings that are certified here if there be any evidence whatever to sustain those findings, regardless of thought or suggestion addressed to improbability thereof. Furthermore, and when we employ as above the word 'evidence,' synonymity with the word 'facts' is not intended. 'Evidence' is really the means by which inferences may logically be drawn as to the existence of facts."

Affirmed. No costs, a public question being involved.

All concurred.